STATE v. AUSTIN WILSON.

*Indictment -- Larceny -- Evidence.*

Where on a trial for larceny, it was in evidence that the prosecutor had money, that the defendant knew he had it, that they were drinking together and were on the road together at night, that the prosecutor was drunk and unconscious and the defendant had an opportunity of handling his person, and that the defendant had no money on that night but had some the following day; *Held,* that the evidence was sufficient to warrant the jury in returning a verdict of guilty

INDICTMENT for Larceny, tried at Fall Term, 1876, of AL-EXANDER Superior Court, before *Buxton, J.*

The facts are stated by Mr. Justice Reade in delivering the opinion of this Court. Verdict of guilty. Judgment. Appeal by defendant.

*Attorney General,* for the State.
*Mr. M. L. McCorkle,* for the defendant.

READE, J. The prosecutor was going home from Court on Wednesday evening "in a drinking condition" with $35,00

in his pocket-book in different sized bills; was riding on a mule and was joined by the defendant on foot.    They stopped at a house on the way and it was proposed that they should buy liquor to drink.    Defendant said he had no money.    Prosecutor took out his pocket-book, untied it, took out a quarter, handed it to the defendant to pay for the liquor and tied his pocket-book up again.    After drinking until the prosecutor was drunk, they left the house and went on the road together.    After going some distance, the prosecutor's consciousness, which he had lost, returned to him and he found that he was down and the defendant was on his mule; and feeling in his pocket for his pocket-book, he found it was gone.    He told the defendant of the loss, and the defendant went back to the house to hunt for it. The next day defendant returned to the court house, got drunk and showed "a wad of bills of money" and said he had "a plenty."

. The question is, whether there was *any* evidence to go to the jury, either that the money was stolen at all, or that the defendant was the thief.

These are the points; (1.) the prosecutor had the money in the house.  (2.) The defendant knew he had it.  (3.) They left the house in the night time, together, and continued together, until the money was missing.  (4.) The prosecutor was unconscious, and the defendant had an opportunity of handling his person, the prosecutor having got down from his mule.  (5.) The defendant had no money that night and had a "wad" of it next day.   We think this was evidence from which the jury might have reasonably found that the defendant was guilty.

No error.

PER CURIAM.                              Judgment affirmed.