STATE v. RICHARD LEE.

*Trial—Recalling Witness—Indictment, return of, in open court.*

1. On the trial of an indictment, the presiding judge may recall a witness and examine him to supply an omitted fact material either to the prosecution or defence.

2. Where a transcript of the record in a case removed to another county for trial, recites in the usual form that the court was opened and held, a grand jury drawn and organized, &c., and states "it is presented in manner and form following," and then sets out a copy of the indictment ; *Held,* that it appeared with sufficient certainty the bill of indictment was returned *into open court.*

(*State* v. *Collins*, 3 Dev., 117, cited and approved.)

INDICTMENT for Burglary tried at Fall Term, 1878, of CUMBERLAND Superior Court, before *Buxton, J.*

The indictment was found by a grand jury in Bladen, and the case was removed to Cumberland for trial. After conviction the prisoner moved for a new trial and in arrest.

of judgment on the grounds as stated in the opinion of this court. His motion. was refused. Judgment, appeal by prisoner.

*Attorney General,* for the state.
*Messrs. Guthrie & Carr,* for the prisoner.

DILLARD, J. The first error assigned is, that on the trial in the court below the state allowed the prosecuting witness to retire from the stand without making proof that the dwelling house in which the offence was alleged to have been committed was closed on the night in question, and thereupon His Honor recalled the witness and had the omitted proof supplied under his own examination. In this there was no error.

The conduct of a trial is generally under the management of the solicitor and the counsel of the prisoner, with the right and duty in each to adduce their testimony to the facts by them deemed material and in their proper order, without further action on the part of the court than to pass upon the questions which may arise as to the admissibility and competency of the testimony, and at the close thereof to sum up the evidence and declare the law for the guidance of the jury. It would not be proper for the judge in the course of a trial to usurp the place and duty of the state's counsel on the one hand, and prescribe the order of introduction of the witnesses and become active in their examination ; nor yet on the other hand to take the place of the prisoner's counsel and assume the duties resting on him in the general conduct of the defence. But it is expected of the judge in presiding at a trial, in the exercise of a perfect impartiality, to see the law properly administered and justice done both as respects the state and the accused. If a fact material to the state or to the prisoner be obviously overlooked and about to be omitted, it is usual in practice

and within the scope of the judge's duty, on motion, to allow a witness to be recalled to supply the omitted fact; or in his discretion to recall the witness and have the oversight repaired under his own examination. It would be a reproach to our system if a judge were required to sit and see a prisoner convicted of a crime or his acquittal brought about through a failure to ask a particular question of a witness and not be allowed to interpose to supply so obvious an omission. In many cases in our reports it has been decided to be within the discretion of the presiding judge to allow an omission of the kind under consideration to be repaired by calling back a witness; and what he may allow to be done on request may surely be done without request by the judge of his own head. There can be no doubt about the question. We find it laid down by the writers on criminal law, that during the progress of a trial the judge may question a witness; and even though the case has been closed and the prisoner's counsel has taken an objection to the evidence, the judge may himself make further inquiries if he thinks fit in order to remove the objection, or he may allow it to be done. Arch. Cr Pl., 163; 1 Whar. Ev., § 496. We conclude therefore that the judge might properly interfere as he did in supplying the omitted fact, and the prisoner has no just cause of complaint.

Failing in his motion for a new trial, the prisoner moved in arrest of judgment on the alleged ground that it does not appear from the transcript of the record from Bladen, that the bill of indictment was returned into open court.

There can be no doubt that it is necessary that a bill of indictment should be returned by the grand jury into open court; and we think according to the proper construction and import of the transcript from Bladen superior court, the bill against the prisoner was returned as required by law. The transcript, after stating the court as open and held on the 8th Monday after the 2nd Monday in August,

1878, for the county of Bladen, a *venire facias* returned by the sheriff, a list of persons summoned as jurors, and the drawing and organization of a grand jury therefrom, uses the language,—"it is presented in the manner and form following;" and then comes the bill of indictment under which the prisoner was tried. The jury are required to come into court and make their return, and on coming in for this purpose, they pronounce their return, or are presumed to do so, and the court records their return, and the record of the return thus pronounced is made by the use of the words,—"it is presented in manner and form following." In legal import, the record having stated the court as open and the grand jury sworn and charged, it is to be taken when the record recites "it is presented," &c., that the court is sitting, and therefore that the return is made in open court. *State* v. *Collins*, 3 Dev., 117. As confirmatory of the sufficiency of the transcript to show the return was made in open court, it will be found on reference to the forms in universal use in our state, that the transcript from Bladen superior court is in exact compliance therewith. Eaton's Forms. We hold, therefore, that there was no error in the judge in ruling that the return of the grand jury was in open court. Let this be certified, &c.

PER CURIAM. No error.