A. C. DAVIS v. GEORGE BLEVINS, THOMAS HEATH.

(Decided December 12, 1899.)

*Judge's Charge—The Code, sec. 413.*

1. A Judge may not, by his manner and emphasis, intimate an opinion upon the facts.

2. But where there is no suggestion that the manner or tone of the Judge was improper, and the statement excepted to is no more than a legal proposition, not denied by any one, there is no error.

ACTION OF EJECTMENT, tried at Fall Term, 1899, of ASHE Superior Court, before *Allen, J.*

There was verdict and judgment for the defendants. Plaintiff appealed.

*Case on Appeal.*

The jury, after receiving the instructions of the Judge, retired at 6.30 o'clock p. m., on the 27th, to consider their verdict. On the morning of the next day, at 10.30 o'clock, the jury came into court, and the foreman addressed his Honor in the following words: "Members of the jury differ as to what the evidence was as to the buckeye."

Whereupon, his Honor, the Judge, looked over his notes and read to the jury what his notes contained as to said evidence. Then his Honor turned to the jury and said: "You must bear in mind that in this action the plaintiff must recover on the strength of his own case. The defendant need not have any case, but he can rely on the weakness of the plaintiff's case."

(Plaintiff excepts to the singling out this point and charging the jury in this manner.)

125——28

The jury retired again, and in three-quarters of an hour brought in a verdict against the plaintiff.

*Todd & Pell,* for appellants.

*R. A. Doughton,* for appellees.

FAIRCLOTH, C. J.   This is an action of ejectment.   After the jury had the case for several hours, they came into court and the foreman said:   "The members of the jury differ as to what the evidence was as to the buckeye."   His Honor read from his notes as to said evidence and turned to the jury and said:   "You must bear in mind that in this action the plaintiff must recover on the strength of his own case.   The defendant need not have any case, but he can rely on the weakness of the plaintiff's case."   The plaintiff excepted ot the singling out this point, and charging the jury in this manner, and insists that it was an expression of opinion on the sufficiency of the evidence on the issue of fact to be found by the jury, and that it was in violation of The Code, sec. 413.

It is unquestionably true that any remark of the Judge to the jury, from which they may infer his opinion as to the sufficiency or insufficiency of the evidence pertinent to the issue, is *error,* but if the excepting party could not possibly be injured by it, it is no ground for a new trial. *State v. Dick,* 60 N. C., 440.   A Judge may not, by his manner and emphasis, intimate an opinion upon the facts. *R. Riger v. Davis,* 67 N. C., 185.   If he does so, it is error; but unless the record alleges such tone, emphasis or manner, this Court can not see or know that it is so, and must give the language its usual signification. *State v. Wilson,* 76 N. C., 120; *State v. Jones,* 67 N. C., 285.   When once such error is committed, it can not be corrected by the Judge after the

jury have the case in charge.   *State v. Caveness,* 78 N. C.,
484.   It is not error for the Judge to state a proposition to
the jury which is universally admitted.   *State v. Gay,* 94
N. C., 814.   In the present case, there is no suggestion that
the manner or tone of the Judge was improper, and the state-
ment to which exception is made is no more than a legal
proposition, not denied by anyone.   We can see no error.

Affirmed.