## TANNER v. LUMBER CO.

(Filed March 6, 1906).

*Railroads—Fellow Servant Act—Defective Car—Assumption of Risk—Contributory Negligence—Master and Servant.*

1. The contention that the Fellow Servant Act (Rev., sec. 2646,) applies to the defendant, Frank Hitch Lumber Co., cannot be determined where its answer denied that it owned or operated the logging railroad and no appropriate issues were submitted.

2. Where the defendant undertook to furnish the plaintiff transportation on its log train to and from "quarters," it was its duty to see that such transportation was rendered as reasonably safe as the character of it would admit.

3. Where there was evidence tending to prove that one of the standards used to hold· the logs in place was gone, an instruction that "when the plaintiff went on the log car for the purpose of riding, he assumed the risk of all the damages incident to riding on a log train," was erroneous in that the court should have further stated that the plaintiff assumed no risk resulting from a defective car.

4. If the plaintiff knew that the standard was gone when he mounted the loaded car, and if in consequence thereof the danger to himself was so obvious that no man of ordinary prudence would have ridden on it, then the plaintiff did assume the risk and would be guilty of such contributory negligence as would bar a recovery.

5. The master is liable for negligence in respect to such acts and duties as he is required, or assumed to perform, without regard to the rank or title of the agent entrusted with their performance.

ACTION by David Tanner against Frank Hitch and Frank Hitch Lumber Co., heard by *Judge Jas. L. Webb* and a jury, at the Fall Term, 1905, of the Superior Court of EDGECOMBE.

The plaintiff was employed by the day to haul logs for the

defendant. His lodgings provided by the defendant were at Speed, some five miles from the scene of the logging operations. The defendant transported the plaintiff to and fro daily on his log train, which went to the woods empty in the morning and returned loaded in the evening. On the last return trip in the evening, the plaintiff and other daily laborers rode on top of the loaded log cars back to their lodgings. There were no other cars on the train. There was evidence tending to prove that one of the standards for holding the logs in place on one of the cars was gone and its place supplied with a knot or shoulder insufficient for the purpose. The plaintiff had taken his place as usual on this car to return to his lodgings and the logs tumbled off because of the absence of the corner standard and threw the plaintiff in front of the car and crushed his leg. There was evidence tending to prove that one Armstrong was general superintendent of all the logging operations, and that one Richardson had charge of the train and its crew, and loaded it with a logging machine, and whose duty it was to see that the cars were safely loaded. The plaintiff had no connection with the operations of the train or loading it.

The following issues were submitted:

1. Was the plaintiff injured by the negligence of either defendant, if so injured, by which defendant?

2. Was the plaintiff guilty of contributory negligence?

3. If the plaintiff was so injured, what damage has he sustained?

From the judgment rendered, the plaintiff appealed.

*W. O. Howard* for the plaintiff.
*J. L. Bridgers* for the defendant.

BROWN, J., after stating the case: 1. The contention that the Fellow Servant Act (Revisal, section 2646,) applies to the defendant, the Frank Hitch Lumber Company, cannot

be determined upon the face of the record.  The two de-
fendants filed separate answers, and that of the lumber com-
pany specifically denies that it owned or operated the log-
ging railroad mentioned in the complaint.  The answer of
Frank Hitch states that he personally owned and operated
the road himself.  No appropriate issues were tendered by
the plaintiff or submitted by the court, and consequently
this necessary fact is left undetermined.  The act referred to
applies only to "any railroad company operating in this
State."  In order to pass upon this important question, so
far as the defendant company is concerned, it is essential to
ascertain the truth of this contested fact, and further that its
charter should be in evidence to the end that the court may
see whether it is a "railroad company" within the meaning
of the statute.  The name gives no indication and the record
is silent except the testimony of the plaintiff that some of the
cars were labled "Frank Hitch Lumber Co."  It does not
necessarily follow from the label on the car that the defend-
ant company was operating this road although, unexplained,
it is some evidence of that fact.

His Honor instructed the jury that when the plaintiff went
on the log car for the purpose of riding, he assumed the risk
of all the dangers incident to riding on a log train.  As a gen-
eral statement of the law this proposition is correct, but it
does not go far enough and was liable to mislead the jury.
The judge should have further stated that the plaintiff as-
sumed no risk which was incurred by reason of a defective
car.  There was evidence tending to prove that one of the
standards used to hold the logs securely in place was gone,
and there was no evidence that the plaintiff was apprised of
the danger, liable to result, when he mounted the loaded
car.  Inasmuch as it was the master's duty (he having un-
dertaken it according to the plaintiff's contention) to furnish
his laborers transportation on his log train to and from the
"quarters," it was his further duty to see that such transpor-

tation was rendered as reasonably safe as the character of it would admit. While the plaintiff assumed the risks incident to riding on loaded log cars, he did not assume any risk resulting from a defective car. *Hicks v. Manufacturing Co.,* 138 N. C., 319; *Pressly v. Yarn Mills, ibid.,* 410. If the plaintiff knew that the standard was gone when he mounted the loaded log car, and if in consequence thereof the danger to himself was so obvious that no man of ordinary prudence would have ridden on it, then the plaintiff did assume the risk and would be guilty of such contributory negligence as would bar a recovery. *Ibid.*

3. Was Richardson a fellow servant with the plaintiff so as to bar a recovery? The plaintiff contends that Richardson was delegated by Hicks, the master, to load the cars securely, and that for this purpose Richardson was in command of the loading machine and train crew; that the plaintiff was a daily hireling to saw logs in the woods and had no connection with Richardson's force; that the master assumed the duty to furnish him transportation to and from the "quarters;" that it was therefore the master's duty to see that this transportation was as reasonably safe as the nature of it permitted; that it was the master's duty to see that the logs were secured with reasonable safety on the cars, so that the laborers employed in the woods could ride on them without imminent danger of being thrown off; that this duty was delegated by the master to Richardson to perform, and that the master is liable for Richardson's negligence in loading a car with one corner standard gone.

If such be the facts, we fully sustain the plaintiff's contention. The rigorous rule that once obtained has been greatly modified. The true rule now is more humane and holds the master is liable for negligence in respect to such acts and duties as he is required, or assumed to perform, without regard to the rank or title of the agent entrusted with their performance. As to such acts the agent occupies the place of the

master and he is liable for the manner in which they are performed. *Flake v. Railroad,* 53 N. Y., 549; *Crispin v. Bobbitt,* 81 N. Y., 521. If the negligent act of one servant is done in the discharge of some positive duty which the master owed to another servant, then, negligence in the act upon the part of the servant is the negligence of the master.

This principle of the law of master and servant is laid down in many adjudications. *Railroad v. Baugh,* 149 U. S., 368; *Railroad v. Seeley,* 54 Kan., 21; *Minneapolis v. Lunden,* 7 C. C. A., 344; *Coal & Coke Co. v. Peterson,* 136 Ind., 398; *Justice v. Pa. Co.,* 130 Ind.; *Hough v. Railroad,* 100 U. S., 213. The Supreme Court of Pennsylvania thus expresses it: "Whenever it is sought to hold the master liable for the act or neglect of his foreman, the question to be first considered is whether the negligence complained of relates to anything which it was the duty of the master to do. If it does, then the master is liable, for he must see at his peril that his obligations to the workmen are properly discharged." *Ross v. Walker,* 139 Pa., 42; *Gunter v. Granville Mfg. Co.,* 18 S. C., 270.

It follows, therefore, from all the modern authorities that Hitch's liability for Richardson's alleged negligence is not to be determined by the latter's authority to hire and discharge hands, or to purchase and change machinery, and the like. The true test is whether Richardson was entrusted by Hitch with the performance of any duty that Hitch owed the plaintiff. If he was, and failed to perform it, the defendant is liable. This principle applies alike to individuals and corporations. The defendant undertook to transport his laborers to and from their quarters on his loaded log cars. He permitted them to ride on them, and knew it was their only means of transportation. The uncontradicted evidence shows this. It therefore became the defendant's duty, of which he could not relieve himself, to make such transportation as reasonably safe as the nature of it permitted. Care in loading

the cars was one of the prime elements of safety, as the laborers sat on top of the logs. The duty of properly loading the cars was entrusted to Richardson. If he negligently loaded a log car with logs when one of the corner standards was gone, with no proper and sufficient substitute in its place, it was a negligent act for which the master is responsible. If, by reason of such negligence, the plaintiff was thrown off and injured, the defendant is plainly liable unless he can establish such contributory negligence as will bar a recovery.

New Trial.