### MOORE v. RAILROAD.

(Filed April 10, 1906).

*Pleadings—Fellow Servant Act—Master and Servant— Extraordinary Risks.*

1. The constitutionality of the Fellow Servant Act (Rev., sec. 2646,) is not presented by a demurrer to a complaint alleging that plaintiff was an engineer in the service of defendant; that the defendant negligently failed to supply a reasonably safe and properly equipped engine, in consequence of which plaintiff was injured.

2. A complaint which alleges that "plaintiff was running his engine under orders at a high rate of speed when suddenly, in consequence of the defective and worn condition of said engine and gearing and fixtures, carelessly and negligently provided and furnished by defendant as hereinbefore stated, the said wrought iron cup above referred to was snapped from the driving rod, by reason of the disalignment of said gearing and the loss of motion caused by said defects in said engine, which driving rod was moving at a great rate of speed, horizontally, and was thrown by said driving rod with force and violence from its position and struck the right eye of the plaintiff, permanently destroying the sight of the same," states a cause of action.

3. It is the master's duty to furnish his servant reasonably safe machinery. If he fails to do so, he exposes the servant to extraordinary risks and hazards.

ACTION by John M. Moore against Southern Railway Co., heard by *Judge G. S. Ferguson,* at the January Term, 1906, of the Superior Court of DURHAM. From a judgment overruling the demurrer, the defendant appealed.

*Winston & Bryant* for the plaintiff.
*Guthrie & Guthrie* for the defendant.

BROWN, J. We have been favored with an argument and an elaborate brief in this case, by the learned counsel for the

defendant, largely devoted to an attack upon the constitutionality of the Fellow Servant Act of 1897, Revisal, section 2646, in which we are asked to overrule *Hancock's case,* 124 N. C., 222, and other cases sustaining the validity of such act. Were we disposed to consider the matter we could not do so upon this record, for nowhere, so far as we can see, is such a question presented.

The demurrer of course admits the truth of the facts alleged in the complaint, and taking those facts to be true, we are of opinion that the complaint states a cause of action which the defendant is required to answer. The allegations of the complaint aver that plaintiff was an engineer in the service of defendant; that the defendant negligently failed to supply a reasonably safe and properly equipped engine, in consequence of which plaintiff was injured. The complaint more specifically alleges that plaintiff was running his engine under orders at a high rate of speed "when suddenly, in consequence of the defective and worn condition of said engine and gearing and fixtures, carelessly and negligently provided and furnished by defendant as hereinbefore stated, the said wrought iron cup above referred to (being on the said worn and defective side rod), about 3 inches in diameter and weighing about two pounds, was snapped from the driving rod, by reason of the disalignment of said gearing and the loss of motion caused by said defects in said engine, which driving rod was moving at a great rate of speed, horizontally—the said cup having been placed on the driving rod in order to hold oil to lubricate the pin which held the side rod—and was thrown by said driving rod with force and violence from its position and struck the right eye of the plaintiff, permanently destroying the sight of the same and impairing his nervous system and doing him other permanent injuries hereinafter set out."

These facts, together with the others set out in the complaint, if established by proof, make out a cause of

action. It is universally held at this day that it is the master's duty to furnish his servant reasonably safe machinery. If he fails to do so he exposes the servant to extraordinary risks and hazards. *Hicks v. Mfg. Co.,* 138 N. C., 320; *Pressly v. Yarn Mills,* 138 N. C., 413; Labatt, section 279 (a), 296, 297, 298 (a). The failure to exercise due care in furnishing such machinery is a breach of duty which the master owes the servant. *Tanner v. Hitch,* at this term.

We will not discuss the question of contributory negligence attempted to be presented by the demurrer. That is a defense which will be more properly considered when the facts are found by the jury. Certainly there are no facts stated in the complaint which the court can as a matter of law declare constitute contributory negligence.

Affirmed.