D. A. BARKLEY v. SOUTH ATLANTIC WASTE COMPANY.

(Filed 2 December, 1908).

**Employer and Employee—Negligence of Employee—Construction of Scaffold—Vice Principal.**

> When an employee has been instructed by the employer to do certain work upon a scaffold, and he was injured, owing to a negligent and faulty construction of the scaffold by another employee entrusted to build it, it is not necessary that the employee entrusted to build the scaffold be a vice principal, in order to hold the employer liable for an injury which is the proximate cause of the negligent act.

ACTION tried before *Moore, J.,* and a jury, June Term, 1908, of Mecklenburg. Defendant appealed.

*Brevard Nixon, J. F. Newell* and *J. D. McCall* for plaintiff.

*Morrison & Whitlock* for defendant.

PER CURIAM. As the learned counsel for the defendant were prevented by unavoidable delay, from favoring us with an argument, we have given their carefully prepared brief, as well as the record, a very careful examination. There are no assignments of error presented in their brief relating to the rejection or admission of testimony. All the alleged errors pointed out and discussed relate to the charge of the court. To discuss them *seriatim* is unnecessary and would be simply in large measure repeating what has been said in the opinion of Mr. Justice Brown on the former hearing of the case. 147 N. C.; 586.

There is abundant evidence to show that Michael in his relation to plaintiff was not a fellow servant but a vice principal, applying the test contended for by the defendant. But whether Michael was a fellow servant or not is not essential in the determination of this case.

We have held that "the defendant company owed to its employees, who were directed to work on this scaffold, the

duty to exercise due care in selecting materials reasonably suitable and safe for its construction." p. 587.

There is evidence that the defendant delegated the performance of this duty to Michael and, therefore, whatever place in its service Michael filled, the defendant is responsible for the manner in which he discharged this duty . *Tanner v. Lumber Co.,* 140 N. C., 475, and cases cited in former opinion.

The law of this case was settled on the first appeal, and the questions now presented are almost exclusively of fact. We think his Honor correctly presented the matter to the jury in the light of our former opinion.

No error.