CHARLOTTE L. HILL ET AL. v. KIRBY BEAN ET AL.

(Filed 14 April, 1909.)

1. Evidence—Lands—Adverse Possession—Declarations.

In an action to recover lands, where the defense is a claim of title by adverse possession, the court permitted a witness to testify to declarations made by defendant, while in possession, concerning a letter writen to plaintiff, to the effect that his possession was in subordination to the title, and by permission of the plaintiff, excluding evidence of the contents of the letter: *Held*, no error.

2. Same—Competent for Some Purposes—Declarations Restricted—Procedure—Instructions.

Under Rule 27 (140 N. C., 662), when evidence competent for some purposes, but not for all, is admitted generally, unless appellant asks at the time of the admission that its purpose be restricted, or requests special instructions to that effect, the failure of the judge to so restrict it is not assignable for error.

3. Principal and Agent—Declarations—Evidence of Agency.

A witness may testify that, as agent for another, he had charge of lands, paid the taxes thereon and collected the rents therefor, as such is direct testimony tending to establish the agency.

4. Adverse Possession—Adverse Acts—Procedure—Instructions.

When the trial judge has correctly charged the law on the question of adverse possession, arising in an action to recover land, it is not to defendant's prejudice for him to further charge, there being evidence tending to support it, that cutting timber on the *locus in quo* by a third person, in behalf of plaintiff, without the knowledge or acquiescence of defendant, would not affect defendant's claim or impair his right. It would be otherwise if such third person was recognized by defendant as acting for and in behalf of plaintiff.

ACTION tried before *Long, J.*, and a jury, at December Term, 1908, of RANDOLPH.

Defendants appealed.

*Hammer & Kelly* and *J. A. Spence* for plaintiff.
*J. G. Brittain* and *Elijah Moffitt* for defendant.

WALKER, J. This action was brought to recover two contiguous tracts of land, containing about one hundred and sixty-eight acres. Title was admitted to be out of the State, and the

plaintiffs own the land, unless the defendants have acquired title thereto by adverse possession. The plaintiffs alleged that the defendants' possession was not adverse, but they held the same by permission of the plaintiffs. In order to show that the defendants were merely tenants of the plaintiffs, the latter introduced as a witness Scott Smoke, who testified as to a conversation between him and Emily Bean, one of the defendants, while she was living on the land, concerning a letter to the plaintiffs. The court excluded the testimony, so far as it related to the contents of the letter, but admitted it as tending to prove a declaration by Emily Bean in acknowledgment of the plaintiffs' title and in disparagement of her own. For this purpose it was clearly competent, and the testimony was properly restricted to that purpose. *Yates v. Yates,* 76 N. C., 142; *Shaffer v. Gaynor,* 117 N. C., 24; *Ratliff v. Ratliff,* 131 N. C., 428.

The testimony of A. D. Hamilton, which was objected to by the defendants, was substantially to the same effect as that of Scott Smoke, except that it related to a declaration of Richard Bean in disparagement of his title, and tended to show that Bean was in possession, not claiming in his own right, but in subordination to the plaintiffs' title. This kind of evidence has always been held to be competent, as will appear by reference to *Shaffer v. Gaynor, supra,* and the cases therein cited.

The testimony of the witness Scott Smoke was competent against Emily Bean, and if the defendants intended to raise the question that it was not so against the other defendants they should have requested the judge to restrict it, but no such ground of objection is stated in the case. See Rule 27 (140 N. C., 662). The same may be said of the testimony of the witness A. D. Hamilton.

It was competent for Mr. Bradshaw to testify that he was the agent of Francis A. C. Hill and others, and as such had charge of the land, paid the taxes and collected the rents. This is not a case of proving an agency by the declaration of the alleged agent, but by the testimony of the agent, under oath.

We do not see any error in the refusal of the court to give the instruction requested by the defendants. The judge correctly charged the jury as to what would constitute such adverse pos-

session of the land by the defendants as to defeat the plaintiffs'
recovery. He told the jury that if Thayer's acts in cutting the
timber were committed without the knowledge or acquiescence
of the defendants they would not affect their claim or impair
their rights, but it would be otherwise if he was recognized by
the defendants as acting for and in behalf of the plaintiffs.
This instruction was as favorable to the defendants as they had
any reason to expect.

The jury found, in response to the issues, that the plaintiffs
are the owners of the land in controversy, and awarded damages.
Upon this verdict judgment was entered for the plaintiffs, and
defendants appealed. We find no error, after a most careful
examination, in the rulings or judgment of the court.