STATE v. COON McGLAMMERY.

(Filed 21 February, 1917.)

**1. Criminal Law—Fornication and Adultery—Evidence—Two Years—Corroborative.**

Upon trial for fornication and adultery, evidence of illicit conduct prior to the two years is competent in corroboration of admissible evidence thereof occurring within the two years; as in this case, conduct between the defendants, a negro man and a white woman, forbidden to marry by the statute, he being the only negro man in the community, colored chil-

STATE *v.* McGLAMMERY.

dren born of the woman, the acts and conduct of the negro man towards the children, and the acts and conduct of the defendants towards each other.

2. Appeal and Error—Evidence—Restrictive—Objections and Exceptions.

> Evidence competent for some purposes but not for all is not, upon exception, reviewable on appeal, unless the objecting party asks, at the time of its admission, that it be restricted to the purposes for which it is competent. Rule 27, 164 N. C., 548.

APPEAL by defendant from *Lane, J.,* at August Term, 1916, of WILKES.

*Attorney-General Manning and Assistant Attorney-General Sykes for the State.*

*H. C. Caviness for defendant.*

CLARK, C. J.  This was an indictment for fornication and adultery. The evidence of illicit conduct prior to the two years was competent in corroboration.  *S. v. Dukes,* 119 N. C., 782.  The chief question presented is as to the sufficiency of the evidence of illicit acts within two years prior to the finding of the bill.  Revisal, sec. 3147.

The evidence in such cases is rarely direct, and we think there was sufficient to justify the submission of the case to the jury.  It was in evidence that the defendant is a negro and the codefendant is a white woman, Creola Bullis; that she lived half a mile from McGlammery's mother's house and that she had had three children, who were all black; the defendant within a year past had pictures of the children made by witness and paid for them and gave them to these children; that he had also paid for taking other pictures of them.  Another witness testified that he passed Creola's house one night and heard some one talking; that he knew Coon McGlammery's voice and thought that it was him, but will not swear positively that it was; that he heard Creola's little boy say, "Mamma, did he come home drunk?"  This was within the two years.  The taking of the pictures above detailed was about a year before the trial.

It was further in evidence that the last child of Creola died about a month before the trial, and was born March, 1916, and that all her children were black.  Another witness testified that he had seen Creola at the home of Coon McGlammery's mother, and that he had seen them there together in conversation.  Another witness testified that "All of Creola's children were dark skinned; that the last one was born about March, 1916; that she had no way, that the witness knew of, of making a living; that he had seen both defendants at Coon's mother's house on Sunday; that Coon was the only colored man in that section, or that was seen there."

There was testimony in denial of the charge, but the jury have found upon the above that the defendants were both guilty. The defendant Coon appealed from the judgment. This being the only colored man in that section, and the parties being seen together, taken with corroborative testimony of conduct prior to the two years, was sufficient to submit the case to the jury, in view of the color of the children and the fact that under the laws of this State there could have been no legal marriage between the parties.

The exception of the defendant that the judge did not instruct the jury to consider the testimony prior to the two years as corroborative only and not substantive would have been good prior to the amendment of Rule 27 of this Court, 164 N. C., 548, that it is "not ground of exception that evidence was competent for some purposes but not for all, is admitted generally unless the appellant asks at the time of admission that its purpose shall be restricted." This rule was adopted in March, 1904, and has been sustained by uniform decisions of this Court since that time. *Westfeldt v. Adams*, 135 N. C., 600; *Hill v. Bean*, 150 N. C., 437; *Tise v. Thomasville*, 151 N. C., 283. Besides, the judge did state that it was not substantive evidence.

No error.