### DEE BECK v. SYLVA TANNING COMPANY.

(Filed 20 December, 1919.)

1. **Employer and Employee—Master and Servant—Negligence—Safe Place to Work—Fellow-servant.**

   The duty of the employer to furnish his employee a safe place for the performance of his services cannot be delegated, and where the negligence of the employer in this respect concurs with that of his other employees in proximately causing a personal injury to the plaintiff, the employer may not escape liability on the ground that it was caused by the negligence of the plaintiff's fellow-servants.

2. **Same—Contributory Negligence—Assumption of Risks—Questions for Jury—Trials.**

   In this action to recover damages for an alleged negligent injury in the failure of a tannery to provide sufficient lights for the plaintiff, working at night with other employees, filling tubs of boiling water with chipped wood, into one of which, left uncovered, the plaintiff fell to his injury, there was allegation and evidence as to the defendant's failing to furnish sufficient lights and allowing chipped wood to accumulate in the walkway between the tubs: *Held*, sufficient to be submitted to the jury upon the question of defendant's actionable negligence, and that of the plaintiff's contributory negligence or assumption of risks was also properly submitted to them under a charge free from error. *Hicks v. Mfg. Co.*, 130 N. C., 319, and other like cases cited and applied.

3. **Employer and Employee—Master and Servant—Safe Place to Work— Negligence—Subsequent Repair—Corroborative Evidence.**

   Where there is evidence tending to show that an employer has negligently failed to furnish his employee a safe place to work by reason of a certain defect, it is competent to show, by way of corroboration, in certain instances, where the defect is denied, that the place had subsequently been repaired by the employer. *Muse v. Motor Co.*, 175 N. C., 469, cited and applied.

4. **Appeal and Error—Objections and Exceptions—Evidence—Exceptions —Requests for Instructions.**

   A general exception to the admissibility of evidence, competent in part, will not be considered on appeal, unless it is properly asked to be restricted to the purpose for which it was competent, or in the absence of special requested instructions in regard to it.

**5. Instructions—Special Requests.**

Where the charge of the judge, construed as a whole, is substantially correct, any special feature of the case omitted by him should be covered by requests for special instructions thereon.

**6. Instructions—Special Requests—Evidence—Abstract Principles.**

Prayers for special instructions should not be mere abstract propositions of law, which are not applicable to the evidence, nor should they be based upon a partial statement of the evidence, omitting therefrom that which is material and relevant to the issues, and vitally essential to a proper consideration of the case by the jury.

**7. Instructions—Opinion of Judge.**

*Held,* in this case, the instruction of the court was not objectionable as expressing an opinion inhibited by the statute. *Davis v. Blevins,* 125 N. C., 433.

CIVIL ACTION, tried before *McElroy, J.,* and a jury, at May Term, 1919, of JACKSON.

The plaintiff brought this action against the defendant to recover for a personal injury, alleged to have been sustained while in the employ of the defendant company. He alleged that the defendant was negligent in its duties to him in the following respects: that it failed to furnish him a reasonably safe place to work, and safe tools and appliances with which to work, and failed to give him proper instructions; that the plaintiff was working on the night shift and defendant failed to furnish sufficient lights and allowed chipped wood to accumulate in the walkway between the tubs, which plaintiff was filling with chipped wood, and that the defendant failed to keep the lid on the tub, in which boiling fluids had been poured over the chipped wood with the view of extracting the acids therefrom. Plaintiff alleged that he was injured because the lid was left off the tub, and because chips had accumulated in the walkway, and that it was dark where his work required him to be, because broken lights had not been replaced. He further alleged that he stumbled over the chips accumulated on the walkway, because of the darkness, and fell into the tub, as a result of which his feet and legs were burned, for which alleged injury he claimed that he was damaged in the sum of $3,000.

The defendant answered, denying all the allegations of negligence alleged against it, and denying that the plaintiff was injured because of any act of negligence on its part. The defendant averred that the plaintiff contributed proximately to his own injury; that it was the duty of the plaintiff, and those who worked with him as fellow-servants, to put the chipped wood in the tubs, to level the tub when filled, and to put the lid on the tubs, to clean up the walkway, and if a light bulb was broken, to put in a new one, and that plaintiff failed to exercise due and

reasonable care for his own safety; that plaintiff knew all the conditions and dangers incident to the performance of his work, and assumed the risk; that if there was any negligence other than plaintiff's, it was that of his fellow-servants, in the selection of whom the defendant had exercised due care.

Verdict and judgment for plaintiff, and defendant appealed.

*Sutton & Stillwell for plaintiff.*
*Coleman C. Cowan for defendant.*

WALKER, J., after stating the relevant facts as above: There was evidence that the approaches to the tub in which the chipped wood was placed for boiling in order to extract the acid therefrom, were not kept open and in a reasonably safe condition, so that defendant's employees could use the same with security to themselves, and that plaintiff, while engaged in his proper work, stumbled over the obstructions in one of these walkways, or aisles, between the rows of tubs, and fell into one of the tubs, the aperture in which should have been closed with the cap, or lid, made to cover it. He received injuries of a serious nature, and now asks for damages to compensate him for them, as he alleges they were caused by the defendant's negligence in not exercising that degree of care which the law requires to make the place reasonably safe for him to work therein, and in not keeping and maintaining it in that condition.

It is unquestionably the duty of the master to use proper care in providing a reasonably safe place where the servant may do his work, and reasonably safe machinery, implements, and so forth, with which to do the work assigned to him (*West v. Tanning Co.,* 154 N. C., 44), and this duty is a primary, and an absolute one, which he cannot delegate to another without, at the same time, incurring the risk of himself becoming liable for the neglect of his agent, so entrusted with the performance of this duty which belongs to the master, for in such a case, the negligence of the agent, or fellow-servant, if he is appointed to act for the master, is the latter's neglect also. *Hicks v. Mfg. Co.,* 138 N. C., 319; *Harman v. Contracting Co.,* 159 N. C., 22; *Alley v. Charlotte Pipe Co.,* 159 N. C., 327; *Pigford v. R. R.,* 169 N. C., 94; *Mincey v. R. R.,* 161 N. C., 468; *Steele v. Grant,* 166 N. C., 635; *Taylor v. Power Co.,* 174 N. C., 583. If the negligence of the master concurs with that of the servant in causing an injury, the master is liable. *Tanner v. Lumber Co.,* 140 N. C., 475; *Wood v. Contracting Co.,* 149 N. C., 177; *Ammons v. Mfg. Co.,* 165 N. C., 449. We said in *Steele v. Grant, supra:* "Where the master has negligently failed in his duty to supply the servant with safe appliances and place for the work required of him, and this negligence concurs with that of a fellow-servant in proximately causing

the injury to the servant, the master's responsibility is the same as if his negligence was the only cause thereof."

The fault, therefore, with the defendant's prayers for instructions, so far as they related to the negligence of a fellow-servant, is that they omit the necessary qualification as to the liability of the master, when his negligence concurs with that of the servant in the performance of his primary duty, and bases the defendant's right to a verdict solely on the negligence of a fellow-servant. *Pigford v. R. R., supra.* This question received full consideration in *Steele v. Grant, supra,* where we said: "It being the duty of the master to provide a reasonably safe place in which to do the particular work assigned to his servant, he cannot interpose as a defense to an action for an injury to the employee the neglect of another servant to perform that duty for him; nor, where the negligence charged against him is the failure to supply a reasonably safe place to work, the master cannot escape liability upon the ground that a particular act of negligence was that of a fellow-servant. The negligence of the latter must be unmixed with his own in order that his plea can be available to him, provided the negligence of the two united and constituted the proximate cause of the injury. These principles are fully sustained in the following cases," citing *B. and O. R. Co. v. Baugh,* 149 U. S., 368; *Hough v. Railroad Co.,* 100 U. S., 213; *N. P. R. Co. v. Snyder,* 152 U. S., 68; and *N. P. Railroad Co. v. Herbert,* 116 U. S., 642, where the subject is exhaustively discussed. See, also, *Barkley v. Waste Co.,* 147 N. C., 585 (*S. c.,* 149 N. C., 287); *Tanner v. Lumber Co., supra; Avery v. Lumber Co.,* 146 N. C., 592; *Moore v. R. R.,* 141 N. C., 111.

The charge of the court as to assumption of risk and contributory negligence was plainly correct, and in strict accordance with the precedents. *Hicks v. Mfg. Co.,* 130 N. C., 319; *Pressly v. Yarn Mills, ibid.,* 410; *Pigford v. R. R., supra.* There was strong evidence of negligence, and we can see very little, if any, of assumption of risk or contributory negligence, but the charge gave the defendant the full benefit of both pleas, and we do not see how the judge could have gone further than he did in favor of these defenses without transgressing the well settled principles as declared by this Court in regard to them.

The testimony regarding subsequent repairs was admissible in corroboration of the evidence of the plaintiff and his witnesses, that the defect in the slide door existed, which was denied by the defendant. The evidence comes clearly within the exception to the general rule of law excluding it for the purpose of showing negligence on the part of the defendant. *Tise v. Thomasville,* 151 N. C., 283; *Pearson v. Clay Co.,* 162 N. C., 224 (225); *Boggs v. Mining Co.,* 162 N. C., 394; *West v. R. R.,* 174 N. C., 130; *Muse v. Motor Co.,* 175 N. C., 469; 25 Cyc.,

CHEROKEE v. McCLELLAND.

616-18.   The defendant, as appears in the record, entered a general exception to the admission of this testimony on the trial, and did not ask that the same be restricted to the purpose for which it was competent, and requested no special instruction in regard to it.   Its admission, therefore, is not assignable as error.   Rule 27, Supreme Court; *Hill v. Bean,* 150 N. C., 436; *Tise v. Thomasville, supra.*

The charge, taken and considered as a whole, is at least substantially correct, and if defendant wished any special feature to be presented to the jury, it should have requested the court to give proper instructions to that effect.   *Simmons v. Davenport,* 140 N. C., 407; *Marable v. R. R.,* 142 N. C., 61; *S. v. Turner,* 143 N. C., 641.   The prayers should not be mere abstract propositions of law, which are not applicable to the facts, nor based upon a partial statement of the evidence, omitting therefrom that which is material and relevant to the issues, and vitally essential to a proper consideration of the case by the jury.   An instruction, in response to such a prayer, would mislead rather than guide them to a correct verdict.   *Harmon v. Construction Co.,* 159 N. C., 23, 29.   The judge appears to have covered the case fully by correct instructions as to the law, in a fair and impartial charge, and to have given the prayers of defendant, when proper, with substantial accuracy.   He was not obliged to use the very language of counsel.

The questions addressed by the court to witnesses were within the privilege of the court, and not improper.   There was no expression or intimation of opinion, nor, so far as appears, were they asked in a tone or with such emphasis as would indicate any opinion held by the judge. *S. v. Lee,* 80 N. C., 483; *Davis v. Blevins,* 125 N. C., 433.

There was no error in any of the respects assigned by the appellant. No error.