DAVIS OGLE v. BLACK MOUNTAIN RAILWAY COMPANY.

(Filed 23 June, 1928.)

**1. Master and Servant—Liability of Master for Injuries to Servant—Assumption of Risk.**

Where an employee acts, under fear of discharge, upon the negligent order of the employer's vice-principal, which results in the personal injury in suit, under circumstances showing that a man of ordinary prudence would have so acted, the doctrine of assumption of risk has no application.

**2. Appeal and Error — Record — Review of Question Not Presented on Record.**

The charge of the court to the jury will be presumed as correct on appeal when it is not set out in the record.

APPEAL by defendant from *Moore, J.,* at October Term, 1927, of YANCEY. No error.

The evidence tended to show that plaintiff was a section hand on defendant's railroad and was under the direction of the foreman, or vice-principal, of said defendant, Mr. Jarrett, whom he was bound to obey. That defendant's track had sagged or sunk down, and it became necessary to level it. A jack, weighing about 40 or 45 pounds, was used to elevate the track. The usual and ordinary way to get the jack out from under the ties was to "trip it." "I mean by tripping it, I would have to walk it off by latches. It would go down when you tripped it about an inch each time, and when you walked it off it would go down the same way." There was no danger in doing it this way. When the jack was placed under the tie and it was jacked up, the foreman walked down the track a rail or more and got down to sight the rail and had plaintiff to run the jack up and down until the foreman obtained the level he wanted. He then ordered plaintiff to prize the jack off and *let it fall or settle.*

Plaintiff testified: "I prized it off. But it was hard to prize with so much weight on the jack, the jack being ten inches off of the ties, so I made four or five tries before I got it off, and I got myself in the clear as near as I could with me between the rail and the jack. I gave five or six hard pulls and the jack bounced back and struck me on the leg. . . . If I hadn't done what he told me he would have told me I needn't come out next morning. That was the reason I did it. When the jack hit me it pulled down the skin of my leg and bruised me and my flesh was in a tremble, something like that, and I was hurting very bad. When the jack jumped out against my leg, I done the best I could to protect myself; I jumped out as far in the clear as I could, and when Mr. Jarrett said to prize it off I wanted to do according to his order."

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the plaintiff injured by the negligence of the defendant as alleged in the complaint? Answer: Yes.

"2. Did the plaintiff by his own negligence contribute to his injuries, as alleged in the answer? Answer: No.

"3. What damage, if any, is the plaintiff entitled to recover of the defendant, Black Mountain Railway Company? Answer: $2,500."

---

OGLE *v.* R. R.

---

*G. D. Bailey and A. Hall Johnston for plaintiff.*
*J. J. McLaughlin, Charles Hutchins and Pless & Pless for defendant.*

CLARKSON, J. The defendant introduced no evidence, and at the close of plaintiff's evidence moved for judgment as in case of nonsuit. C. S., 567. The court below overruled the motion, and in this we think there is no error.

In *Hamilton v. Lumber Co.,* 156 N. C., at p. 523-4, *Hoke, J.,* clearly states the law as follows: "It is well understood, however, that an employer of labor may be held responsible for directions given or methods established, of the kind indicated, by reason of which an employee is injured, as in *Noble v. Lumber Co.,* 151 N. C., 76; *Shaw v. Mfg. Co.,* 146 N. C., 235; *Jones v. Warehouse Co.,* 138 N. C., 546, and, where such negligence is established, it is further held, in this jurisdiction, that the doctrine of assumption of risk, in its technical acceptation, is no longer applicable *(Norris v. Cotton Mills,* 154 N. C., 475; *Tanner v. Lumber Co.,* 140 N. C., 475), but the effect of working on in the presence of conditions which are known and observed must be considered and determined on the question whether the attendant dangers were so obvious that a man of ordinary prudence and acting with such prudence should quit the employment rather than incur them. *Bissell v. Lumber Co.,* 152 N. C., 123; and, on the issues, as to plaintiff's conduct, the fact that the particular service was rendered with the knowledge and approval of the employer or his vice-principal or under his express directions, if given; also, the employee's reasonable apprehensions of discharge in case of disobedience, etc., may be circumstances relevant to the inquiry. *Hicks v. Mfg. Co.,* 138 N. C., 322."

*Walker, J.,* in *Tate v. Mirror Co.,* 165 N. C., at p. 279, lays down the rule in human terms, as follows: "The law applies the golden rule, that the master must do for the servant what, if placed in the same situation and under the same circumstances, he would do for himself. There is no reason of logic or justice which requires that he should do less. This rule has been applied by us to causes here with great frequency and uniformity. We have not departed in the least from its essential principle in a single case that we are aware of. It is perfectly just to the employer and is required by a proper sense of fairness to the employee. It is the abstract maxim which we are constantly told should govern our conduct towards our fellow-man in everyday affairs of life, and it is so commendable in itself as to call for a strict observance of it when we come to the practical discharge of our duties to others, especially those in subordinate positions, and who must depend for their safety upon the care of their superiors. . . . . We said in *Pigford v. R. R.,* 160 N. C., at pp. 100 and 101: *"It is well understood, however, that an em-*

*ployer of labor may be held responsible for directions given or methods established of the kind indicated, by reason of which an employee is injured."* (Italics ours.)

The charge of the court below is not in the record; it is presumed that the law applicable to the facts were properly presented to the jury. We can find

No error.