STATE v. GEORGE WALKER.

(Filed 5 June, 1946.)

**1. Rape § 4—**

Evidence that prosecutrix, a thirteen-year-old girl, had been criminally assaulted and ravished by force, and evidence identifying defendant as the perpetrator of the crime *held* sufficient to be submitted to the jury upon the question of defendant's guilt of the capital crime of rape.

**2. Criminal Law § 48b—**

Where evidence competent for the purpose of corroboration is admitted generally, and defendant fails at the time of its admission to request that its purpose be restricted, his exception to the admission of the testimony cannot be sustained. *S. v. Parker,* 134 N. C., 209, modified in this particular. Rule of Practice in the Supreme Court, No. 21.

**3. Criminal Law § 41d—**

The sheriff was permitted to testify as to statements made by prosecutrix to him in describing her assailant for the purpose of corroborating

her testimony at the trial in regard thereto. *Held:* Slight variance in her statements and her testimony, mainly as to whether the assailant had a gold tooth, does not render the corroborating testimony inadmissible but affects only its credibility, which is for the determination of the jury. The rule that a party will not be permitted to impeach his own witness is not applicable.

**4. Criminal Law § 31c—**

Evidence that footprints at the scene of the crime were made by shoes owned by defendant and led to defendant's tobacco barn and thence to defendant's home, is competent.

APPEAL by defendant from *Carr, J.,* at November Term, 1945, of HARNETT.

Criminal prosecution tried upon an indictment charging the defendant with rape.

The evidence tends to show that the prosecuting witness, a 13-year-old girl, left her home on Sunday morning, 22 July, 1945, with her father and brother. She carried a small pail with her so she could pick some grapes. After picking the grapes, her father and brother went for a walk, and she started to return home. Before she reached home, the defendant stopped her and forced her to accompany him in the woods. There the defendant, by the use of force and by threatening to kill the prosecutrix, had sexual intercourse with her.

The prosecutrix identified the defendant as the man who raped her. The pail and spilled grapes were found by the officers near the place where the crime is alleged to have been committed. The officers also found part of the clothing of the child, which she testified the defendant removed forcibly from her. Shoe tracks of a peculiar character led from the place where the crime is alleged to have been committed, into and across a creek to the barn and home of the defendant, and corresponded with tracks around his home which he admitted were his. Shoes which fit the footprints leading from the scene of the alleged crime, together with a shirt and pair of pants, were found on the floor of his home at the time of his arrest. The shoes were wet and shirt was damp. The defendant testified that he had removed them earlier in the morning because he got them wet while hauling wood and looking for something in the field. A physical examination of the prosecutrix by a physician disclosed that she had been criminally assaulted.

Verdict: "Guilty of rape as charged in the bill of indictment." Judgment: Death by asphyxiation.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*J. R. Hood for defendant.*

DENNY, J.  The defendant excepts and assigns as error the refusal of his Honor to sustain his motion for judgment as of nonsuit, lodged at the close of the State's evidence and renewed at the close of all the evidence.  The exception cannot be sustained.  The evidence disclosed on the record is ample to carry the case to the jury.  *S. v. Jackson,* 199 N. C., 321, 154 S. E., 402.

The appellant also excepts and assigns as error, the admission of certain testimony on behalf of the State, by Mr. Salmon, Sheriff of Harnett County, over the objection of the defendant, on the ground that the testimony was hearsay evidence and was competent only for the purpose of corroborating the prosecutrix, Geraldine Butler, provided it did corroborate her, and for no other purpose; but the court failed to so restrict it, citing *S. v. Parker,* 134 N. C., 209, 46 S. E., 511.

The above decision has been modified in the particular respect upon which the appellant is relying.  Rule 21 of the Rules of Practice in the Supreme Court, 221 N. C., 558, among other things, provides: "Nor will it be a ground of exception that evidence competent for some purposes but not for all, is admitted generally unless appellant asks, at the time of admission, that its purpose shall be restricted."  Therefore, this exception cannot be sustained.  *Hill v. Bean,* 150 N. C., 436, 64 S. E., 212; *Tise v. Thomasville,* 151 N. C., 281, 65 S. E., 1007; *S. v. McGlammery,* 173 N. C., 748, 91 S. E., 371; *Beck v. Tanning Co.,* 179 N. C., 123, 101 S. E., 498; *S. v. Steele,* 190 N. C., 506, 130 S. E., 308; *S. v. Jackson, supra; S. v. Tuttle,* 207 N. C., 649, 178 S. E., 76; *S. v. Johnson,* 218 N. C., 604, 12 S. E. (2d), 278; *S. v. McKinnon,* 223 N. C., 160, 25 S. E. (2d), 606; *S. v. Ham,* 224 N. C., 128, 29 S. E. (2d), 449.

The defendant challenges the admissibility of the Sheriff's testimony on another ground, and is relying on *S. v. Melvin,* 194 N. C., 394, 139 S. E., 762, to sustain his position.  He contends there is such a variance between the statements made to the Sheriff of Harnett County by the prosecutrix, in describing her assailant and her testimony in this respect, given at the trial, that the Sheriff's testimony is not corroborative, and therefore purely hearsay and inadmissible as pointed out in the above case.  We do not so hold.  Sheriff Salmon testified that the prosecutrix told him, she had been attacked by a colored person, and "She said he had a gold tooth, one tooth out in front . . . She said the best she could remember he had on a light shirt and brown pants and was wearing a white straw hat with a broken bill in front."  The prosecutrix testified at the trial below, "The defendant had on a light shirt and dark pants, the shirt had short sleeves . . . He had on a straw hat . . . He had one tooth missing.  It was in front, right along here (indicating)."  On cross-examination she testified, she was sure the defendant was the man who assaulted her. . . . "I thought he had one tooth out, and I thought

he had gold in his teeth." The evidence discloses that the defendant had a front tooth out but had no gold in his teeth.

In the case of *S. v. Melvin, supra,* it was held the State could not introduce in evidence the testimony of a witness and then undertake to impeach its own witness by the introduction "of previous, dissimilar and contradictory statements" made by the witness. The above case is not in point. Here there is very little variance in the testimony of the Sheriff as to what the prosecutrix told him about her assailant and what she testified to in this respect at the trial. Certainly there is no such variance in the testimony complained of as to render it inadmissible, and its credibility was for the jury. *S. v. Ham, supra.*

Assignment of error No. 6 is based on an exception to the action of the trial court in allowing a Deputy Sheriff to testify that near the scene of the attack footprints were seen which the officers followed to a tobacco barn at which the defendant said he had been curing tobacco. From the tobacco barn the footprints led to the defendant's home. The right-hand print was made by a shoe which was broken across the toe. The left-hand print was made by a smooth shoe with a worn heel containing two tacks. Shoes found at the home of the defendant were fitted into these prints at various places between the home of the defendant and the place of the alleged assault.

The evidence which tended to show that the tracks into which the shoes of the defendant were fitted, were made by him, was competent. *S. v. Mays,* 225 N. C., 486, 35 S. E. (2d), 494; *S. v. McLeod,* 198 N. C., 649, 152 S. E., 895; *S. v. Spencer,* 176 N. C., 709, 97 S. E., 155; *S. v. Lowry,* 170 N. C., 730, 87 S. E., 62; *S. v. Hunter,* 143 N. C., 607, 56 S. E., 547; *S. v. Reitz,* 83 N. C., 634; *S. v. Graham,* 74 N. C., 646.

In the case of *S. v. McLeod, supra, Stacy, C. J.,* speaking for the Court, said: "The evidence as to the identity of the tracks was competent. *S. v. Lowry,* 170 N. C., 730, 87 S. E., 62. Indeed, it may be stated as a general rule that the correspondence of tracks, footprints, or ground marks, found in connection with a crime, with the track, footprints, or shoe mark of the accused of the crime, or with the track, footprint, or shoe mark of his horse, or with the track, tread, or wheel mark of his wagon, buggy, or automobile, is admissible in evidence as tending to identify the accused as the perpetrator of the crime, the probative value of such evidence, of course, depending upon the attendant circumstances."

The remaining exceptions have been abandoned.

We find no error in the trial below.