STATE v. JUNIOR NORRIS.

(Filed 19 May, 1965.)

**1. Robbery § 1—**

Common law robbery is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear, with the felonious intent to deprive the owner of his property permanently, and the commission of this offense by the use or threatened use of firearms or other dangerous weapon whereby the life of a person is endangered or threatened, warrants increase in the punishment under the provisions of G.S. 14-87.

**2. Same—**

Force as an element of the offense of robbery may be actual or constructive, and if the threatened use of force is sufficient under the circumstances to put a man of reasonable firmness in fear and induce him to give up his property to avoid apprehended injury, there is sufficient constructive force.

**3. Robbery § 4—**

Evidence that shortly after an affray with the prosecuting witness and after the prosecuting witness had left the scene, defendant sought him out, and, with open pocket knife in his hand, demanded and took from the prosecuting witness money and goods, *held* sufficient to be submitted to the jury on the question of defendant's guilt of armed robbery. G.S. 14-87.

**4. Criminal Law § 84—**

Statements made by the prosecuting witness shortly after the crime, which statements are substantially in accord with his testimony at the trial, are competent for the purpose of corroboration, and slight variations in the statements go to their weight and not their competency.

APPEAL by defendant Junior Norris from *Bickett, J.*, January Criminal Session 1965 of COLUMBUS.

Criminal prosecution on an indictment charging O. B. Reaves, Junior Norris, Clyde Jacobs, and David Reaves on 24 May 1964 with the felony of robbery with a dangerous weapon of Arthur Castleberry, a violation of G.S. 14-87.

All four defendants were represented by counsel, and each one entered a plea of not guilty. At the close of the State's evidence, the court allowed motions for judgment of compulsory nonsuit made by all the defendants, except defendant Norris. Verdict as to defendant Junior Norris: guilty as charged.

From a judgment of imprisonment for a term of not less than eight years nor more than ten years, defendant Junior Norris appeals.

*Attorney General T. W. Bruton and Assistant Attorney General James F. Bullock for the State.*

*D. F. McGougan, Jr., for defendant appellant.*

PER CURIAM.  The State introduced evidence; defendant Norris did not. He assigns as error the denial of his motion for judgment of compulsory nonsuit made at the close of the State's evidence. The State's evidence shows the following facts:

About 6 p.m. on 24 May 1964, Arthur Castlebury, a member of the U. S. Navy, left his home in Charleston, South Carolina, for the purpose of hitchhiking to his ship at Norfolk, Virginia. He was picked up by drivers of automobiles three times, and arrived in Myrtle Beach, South Carolina, about 9 p.m. While hitchhiking on Highway #17 just north of Myrtle Beach, he was picked up by Junior Norris, who was driving an automobile. O. B. Reaves, Clyde Jacobs, and a man called Raymond were in the automobile with Norris. At that time he did not know Norris and the three men. They arrived in Columbus County about 10:30 p.m. Norris drove along the highway about four miles, and then drove off onto a side road. They opened two bags of beer, and everyone in the automobile, except Raymond, drank three beers. There was a half-quart jar of "white lightning" in the automobile. Raymond got out of the automobile near his home. Then they went to O. B. Reaves' home and picked up David Reaves. They then rode to Dupree Road, a dirt road in Columbus County. Norris stopped the automobile, jumped out, and pulled Castleberry out of the automobile. At that time O. B. Reaves was on the back seat "passed out," and Clyde Jacobs and David Reaves remained in the automobile. Norris hit Castlebury on the head with a "coke" bottle, tore his white jumper and mackintosh, and bit him three times on the back. Norris got back in the auto-

mobile. Castlebury walked back to the paved road. David Reaves, with Norris, Jacobs, and O. B. Reaves in the automobile, drove to where he was on the paved road. When the automobile reached him, Norris, with a pocketknife with the blade opened in his hand, jumped out, pointed it at him, told him what he wanted, and took from him his wallet, a watch of the value of $16, a religious medal, and $6 in money. Castlebury testified: "I did not attempt to run because I was scared of a knife and I gave him a $15 [sic] watch, $6.00 in money." Norris got back in the automobile, and they left. When Castlebury got on the road towards Hallsboro, he flagged down State highway patrolman P. T. Allgood. He directed him back to where it happened, and found there his jumper and mackintosh. Allgood carried him to a hospital where they patched up his head.

Patrolman Allgood's testimony is to this effect: On 24 May 1964 he saw Arthur Castlebury with his clothes torn and blood on his face at the intersection of Rural Paved Road #1001 and Highways #74-76, the Hallsboro Road, flagging traffic. He stopped to investigate. Castlebury told him what had happened, which he narrated in detail, and which was admitted in evidence, over defendant's objection and exception, for the sole purpose of corroborating the testimony of Castlebury. Castlebury directed him to the scene, where he found Castlebury's torn jumper and mackintosh. He carried Castlebury to a hospital. Nurses attended him. Castlebury had a small cut on his head, scratches and bruises on his face, chest and shoulders, and teeth marks on his back.

J. R. Hunt, a deputy sheriff of Columbus County, testified in effect: Defendant Norris told him they had been drinking a lot, and they picked up a sailor on the bypass in the town of Whiteville, took him to White Marsh, and put him out on Highway #74-76.

Defendant contends in his brief that his motion for judgment of nonsuit should have been allowed "in that one of the essential elements of the crime charged was missing, in that *no force was shown* to be used nor was the prosecuting witness *put in fear.*" This contention is untenable.

Common-law robbery has been repeatedly and consistently defined by this Court. *S. v. Lawrence,* 262 N.C. 162, 136 S.E. 2d 595, in which it is said: "The phraseology most often employed is, 'Robbery at common law is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear.' * * * An essential element of the offense of common-law robbery is a 'felonious taking,' *i.e.,* a taking with the felonious intent on the part of the taker to deprive the owner of his property permanently and to convert it to the use of the taker."

This Court said in *S. v. Stewart,* 255 N.C. 571, 122 S.E. 2d 355:

"G.S. 14-87, entitled 'Robbery with firearms or other dangerous weapons,' creates no new offense. 'It does not add to or subtract from the common law offense of robbery except to provide that when firearms or other dangerous weapons are used in the commission of the offense, more severe punishment may be imposed.' [Citing authority.] It 'superadds to the minimum essentials of common-law robbery the additional requirement that the robbery must be committed "with the use or threatened use of . . . firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened." ' "

Generally, the element of force in the offense of robbery may be actual or constructive. Actual force implies physical violence. Under constructive force are included " 'all demonstrations of force, menaces, and other means by which the person robbed is put in fear sufficient to suspend the free exercise of his will or prevent resistance to the taking . . . No matter how slight the cause creating the fear may be or by what other circumstances the taking may be accomplished, if the transaction is attended with such circumstances of terror, such threatening by word or gesture, as in common experience are likely to create an apprehension of danger and induce a man to part with his property for the sake of his person, the victim is put in fear.' 46 Am. Jur., 146." *S. v. Sawyer,* 224 N.C. 61, 29 S.E. 2d 34.

The State's evidence would permit a jury to find these facts: Defendant assaulted Castlebury with a "coke" bottle, inflicted scratches and bruises on his face, chest and shoulders, and bit him three times on his back. Shortly thereafter, defendant, with a pocketknife with the blade opened in his hand, jumped out of an automobile which had followed Castlebury, who was walking on a highway, pointed the knife at Castlebury and told him what he wanted. This knife, considering its use or threatened use by defendant, under all the attendant circumstances was a dangerous weapon. Defendant's acts constituted such a demonstration of force and menaces by him as was sufficient to put Castlebury in fear and to induce him to part with his property without resistance for the sake of his own safety. Defendant by the use or threatened use of a dangerous weapon whereby Castlebury's life was endangered or threatened, feloniously took a wallet, a watch, a religious medal, and $6 in money from the person of Castlebury, by violence or putting him in fear; that the taking by defendant was with a felonious intent on his part to deprive Castlebury of his property permanently and to convert it to defendant's use; and that defendant is guilty of a violation of G.S. 14-87. If the jury failed to find that defendant was guilty as charged, the State's evidence was sufficient to carry the case to the jury on common-law robbery, a lesser offense charged in the indictment. The

trial court properly denied defendant's motion for a judgment of compulsory nonsuit.

Defendant assigns as error the admission in evidence, over his objection, of the testimony of State highway patrolman Allgood as to what Castlebury told him about what occurred and what defendant did to him. The trial judge carefully instructed the jury that such evidence was admitted only for the purpose of corroborating the testimony of Castlebury, if they found it did. Defendant contends that because of variances in the corroborating testimony of Allgood it was inadmissible. A study of the evidence shows these variations are slight. This assignment of error is overruled on authority of *S. v. Case*, 253 N.C. 130, 116 S.E. 2d 429; *S. v. Walker*, 226 N.C. 458, 38 S.E. 2d 531.

Defendant has two assignments of error to the charge of the court to the jury. These are overruled. The judge instructed the jury that they could return one of five verdicts as they found the facts to be: Guilty as charged, guilty of common-law robbery, guilty of assault with a deadly weapon, guilty of a simple assault, or not guilty. A reading of the charge in its entirety shows that it is clear, fair to the defendant, and is an accurate declaration and explanation of the law arising on the evidence given in the case.

In the trial below we find

No error.