STATE OF NORTH CAROLINA v. RUSSELL LEE HOLLIS
No. 6826SC368

(Filed 13 November 1968)

**1. Robbery § 1— common-law robbery defined**
 Common-law robbery is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear.

**2. Robbery § 4— sufficiency of evidence and nonsuit**
 The evidence in this case *is held* sufficient to be submitted to the jury as to defendant's guilt of common-law robbery.

APPEAL by defendant from *Ervin, J.,* at the 6 May 1968 "A" Session of MECKLENBURG Superior Court.

The defendant, Russell Lee Hollis, and one James Devon Bethea were jointly indicted under a bill of indictment, proper in form, charging them with the crime of common-law robbery. By consent, the cases were consolidated for trial and each defendant pleaded not guilty. The jury found the defendant Russell Lee Hollis guilty as charged in the bill of indictment and found the defendant Bethea not guilty. From a judgment imposing an active prison sentence for a term of not less than five nor more than seven years, the defendant Russell Lee Hollis appealed.

*Attorney General T. W. Bruton and Deputy Attorney General James F. Bullock for the State.*

*James E. Martin, Jr., for defendant appellant.*

PARKER, J.

[1, 2]   The sole assignment of error appearing in the record is directed to the trial court's refusal to grant defendant's motion of nonsuit at the close of the State's evidence. Robbery, a common-law offense not defined by statute in North Carolina, has been repeatedly and consistently defined by the Supreme Court of North Carolina as the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear. *State v. Norris*, 264 N.C. 470, 141 S.E. 2d 869. Examination of the record in the case before us discloses that there was plenary evidence .that defendant Hollis committed the robbery charged in the indictment. Indeed, it would be difficult to imagine any more direct, complete, and unequivocal testimony to establish a defendant's guilt than was presented in this case. Mrs. Lena Cook testified that she was manager of and alone in a variety store when defendant Hollis and Bethea, both of whom she had previously seen, entered; that Bethea stood by the door and Hollis came to the counter, seized her around the neck, threw her to the floor and beat her with his fists; that she feared for her safety and begged him not to hit her but to take what was in the cash register and go; that Hollis took approximately $100.00 from the cash register and ran; and that she required medical attention for her injuries.

Marvin Frazier testified he had been with Hollis and Bethea when they walked past the store and that Hollis had said, "Let's rob the store;" that he had told Hollis and Bethea not to do that; that he had then walked on but the two defendants went back toward the store.

Mr. and Mrs. D. C. Brown testified that they lived nearby; that they knew both defendants and saw them entering the store; that when the Browns started to enter the store for the purpose of making a purchase, the two defendants ran out; that the Browns then entered the store and found Mrs. Cook on the floor crying and calling for help.

The defendant Bethea testified in his own behalf that he, Hollis, and Frazier had been together but that Frazier had left them when Bethea and Hollis had gone back to the store; that Hollis stated he wanted to get cigarettes, but on entering the store Hollis had gone behind the counter, got the money from the cash register and went out the door with the money in his hand; that Mrs. Cook was calling for help when Hollis rushed out of the store. The defendant Hollis did not take the witness stand.   ;

Appellant's court-appointed counsel has frankly stated in his brief that after making a careful study of the record on appeal he finds no legitimate assignment of error or contention which would entitle the defendant to a new trial. We have, nevertheless, made a careful review of the entire record, including the charge made by the able trial judge, and we find

No error.

BROCK and BRITT, JJ., concur.