State v. Bullard

STATE OF NORTH CAROLINA v. SARAH MARIE BULLARD, ALIAS ZELMA BULLARD

No. 7312SC532

(Filed 25 July 1973)

1. Criminal Law § 89— witness's statement to sheriff — admission for corroboration
    In this homicide prosecution, testimony by a sheriff as to the contents of a written statement given to him by a witness some five hours after the homicide occurred was properly admitted for the purpose of corroborating the witness's testimony.

2. Homicide § 28— instructions on self-defense
    The trial court in a homicide prosecution properly declared and explained the law arising on the evidence relating to self-defense.

APPEAL by defendant from Brewer, Judge, 26 February 1973 Session of Superior Court held in HOKE County.

Defendant, Sarah Marie Bullard, alias Zelma Bullard, was charged in a bill of indictment proper in form with the first degree murder of Robert Bullard. The material evidence offered by the State tends to show the following:

In the late afternoon of 24 June 1972, the defendant asked Willie Campbell and Peggy Locklear to take her to see a doctor for treatment of injuries she had received from having been beaten by her husband, Robert Bullard. Campbell accompanied the defendant but she was not treated at Red Springs or Lumberton. They returned to the Bullard home at about 6:30 p.m. Campbell left the defendant in the house and returned to the service station-grocery store operated by defendant and her husband where he worked with Robert Bullard until about 12:00 o'clock midnight. Campbell lived in a small house (the barn) approximately 100 yards from the Bullard residence. At

State v. Bullard

about 5:30 a.m., 25 June (Sunday morning), defendant went to the barn, woke Campbell, and asked how to "get the safety off" of a shotgun she was carrying. Defendant left the barn and returned in 10 to 12 minutes and told Campbell, "Willie, I shot Robert. If I ain't killed him get him a doctor and ambulance and help him."

Campbell went to the house, saw Robert Bullard lying on the bed with a wound in the side of his face, and went with the defendant to the service station-grocery store to telephone the police.

At about 6:05 a.m., 25 June 1972, Sheriff Barrington received a telephone call from the defendant who stated, "I have just killed Robert, come down here."

The defendant testified, describing how her husband had abused her for many years and particularly how he had beaten her on 24 June 1972. She stated that her husband came in at about 5:30 a.m., 25 June 1972, and

"When I asked him where he had been, he grabbed me in the top of my head and snatched out a handful of my hair and knocked me down in the kitchen. This was about five-thirty in the morning. He hit me with his fist.

He kicked me up against the wall and told me that he was going to get the gun and finish killing me. * * *

[H]e went to his bedroom * * *

* * * When I came out of the bathroom, Robert was standing at the dresser with a handful of shotgun shells. * * * I turned around and got the other gun. I got this gun from a gun rack in the den because I was scared he was going to kill me. * * * I went back to the bedroom and Robert was laying on one side and he wheeled over and stuck his hand under the pillow, and when he did I throwed up the gun. * * * He stuck one of his hands under the pillow where he kept a pistol. * * *

When he stuck his hand under the pillow, I fired the gun."

Defendant went to the barn and told Campbell that she had shot her husband. She telephoned the Sheriff and told him that she had shot Robert.

The defendant was found guilty of voluntary manslaughter and from a judgment imposing a prison sentence of seven to ten years, she appealed.

*Attorney General Robert Morgan and Associate Attorney Howard A. Kramer for the State.*

*Barrington, Smith & Jones, P.A., by Carl A. Barrington, Jr., and Henry W. Witcover for defendant appellant.*

HEDRICK, Judge.

[1] Defendant contends the court erred in allowing Sheriff Barrington to testify as to the contents of a written statement given to him by the witness Campbell at 10:35 a.m. on 25 June 1972.

Statements made by a witness shortly after a crime, substantially in accord with his testimony at the trial, are competent for the purpose of corroboration and slight variations in the statements go to their weight and not their competency. *State v. Norris*, 264 N.C. 470, 141 S.E. 2d 869 (1965). The trial judge instructed the jury that the testimony of Sheriff Barrington was offered and received for the purpose of corroborating the testimony of William Campbell, if the jury found that it did corroborate him, and not as substantive evidence. The written statement given by the witness to Sheriff Barrington varied only slightly from the testimony of the witness at trial. This assignment of error has no merit.

[2] Defendant contends the court erred in its instructions to the jury on self-defense. We have carefully reviewed the charge to the jury in the light of this contention and find that the able judge thoroughly and fairly declared and explained the law arising on the evidence relating to self-defense.

Defendant has an additional assignment of error which we have carefully considered and find to be without merit.

Defendant's trial in the superior court was free from prejudicial error.

No error.

Judges CAMPBELL and BALEY concur.