State v. Fedoris

---

STATE OF NORTH CAROLINA v. JOHN EDWARD FEDORIS

No. 8226SC904

(Filed 1 March 1983)

**Robbery § 4.3— robbery with dangerous weapon—danger to life of victim—sufficiency of evidence**

The State's evidence was sufficient to show a danger or threat to the life of a robbery victim so as to support defendant's conviction of robbery with a dangerous weapon where it tended to show that, when defendant entered a convenience store, he wore a split pillowcase over his head and carried a wedge-axe which had a sledgehammer head on one end and an axe blade on the other; defendant advised the store employee to stay where she was and stated that he wanted the money in the register; during the robbery defendant held the weapon in his right hand with the blade portion in front of him; at no time was the employee more than 3½ to 4 feet from defendant; and as defendant was leaving the store he ordered the employee not to call the police.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 20 April 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 18 February 1983.

Defendant was found guilty of robbery with a dangerous weapon in violation of G.S. 14-87. He appeals from a judgment imposing an active sentence of sixteen years.

*Attorney General Edmisten, by Assistant Attorney General John C. Daniel, Jr., for the State.*

*Assistant Public Defender Grant Smithson for defendant-appellant.*

HILL, Judge.

Defendant contends there was insufficient evidence to submit the case to the jury on the charge of robbery with a dangerous weapon. We disagree and therefore find no error in the trial of the case.

Evidence for the State tends to show that on 9 August 1981 a man later identified as defendant entered The Pantry, a store in Cornelius, North Carolina. He wore a split pillowcase over his head and carried a wedge-axe commonly known as a "go-devil." This instrument has a sledgehammer head on one end and an axe blade on the other. During the robbery defendant held the weapon in his right hand with the head or blade portion in front of him. Upon entry, defendant advised the salesperson: "Just stay where you are. I just want the money in your register." He ordered her to open the cash register; at no time was she more than 3½ to 4 feet from him. Further, defendant ordered her as he was leaving not to call the police. He threatened that there was a machine gun aimed at the front of the store.

Defendant contends that the court should have allowed his motion for nonsuit because the evidence showed only possession of a dangerous weapon; no evidence of a danger or threat to the life of the victim was offered. *See State v. Gibbons*, 303 N.C. 484, 279 S.E. 2d 574 (1981).

Defendant's argument is without merit. The element of force in a robbery may be actual or constructive. The acts of defendant are sufficient to create constructive force. His acts generated an apprehension of fear sufficient to induce the salesperson to part with property to protect herself. *State v. Norris*, 264 N.C. 470,

State v. Fedoris

141 S.E. 2d 869 (1965). *See State v. Thompson,* 297 N.C. 285, 254 S.E. 2d 526 (1979).

No error.

Judges WELLS and JOHNSON concur.