STATE OF NORTH CAROLINA v. ROBERT DEAN McCULLOUGH

No. 8526SC759

(Filed 4 March 1986)

**1. Robbery § 4.2— common law robbery—evidence sufficient**

There was sufficient evidence to withstand defendant's motion to dismiss the charge of common law robbery where defendant and his companion took the victim's watch and clothing with the intent to permanently deprive him of his property for the purpose of converting it to their use and left the victim bound and gagged dressed only in his undershorts. The fact that the victim was not conscious when defendant took his shoes did not negate the State's evidence.

**2. Robbery § 3— common law robbery—victim's cross-examination testimony— considered on motion to dismiss—no error**

The trial court did not err in a prosecution for common law robbery by considering the victim's testimony under cross-examination when ruling on defendant's motion to dismiss. Direct evidence and circumstantial evidence are properly considered when ruling on a motion to dismiss for insufficient evidence.

**3. *Kidnapping § 1— indictment—insufficient for first degree kidnapping—sufficient for second degree***

An indictment for first degree kidnapping was insufficient where the indictment did not allege that the victim was not released in a safe place, seriously injured, or sexually assaulted. However, the indictment sufficiently alleged the elements of second degree kidnapping and the evidence was sufficient for second degree kidnapping; therefore, the conviction for first degree kidnapping was vacated and remanded for entry of a verdict for second degree kidnapping. N.C.G.S. 14-39, N.C. Rules of App. Procedure 10(a).

**4. Kidnapping § 1.3— instruction on theory not alleged in indictment—conviction reduced to second degree kidnapping—no prejudice**

A new trial was not necessary where the court erred by instructing the jury in a kidnapping prosecution that a guilty verdict should be returned if defendant restrained or removed the victim for the purpose of doing serious bodily harm to the victim even though that theory was not alleged in the indictment, but the first degree kidnapping conviction was remanded for entry of judgment for second degree kidnapping. The evidence admitted at trial supported the jury instructions and the indictment supported those portions of the jury instructions which supported a conviction for second degree kidnapping. N.C.G.S. 14-39.

**5. Criminal Law § 86.1— cross-examination regarding incarcerated friend—not outside scope of direct examination**

The trial court did not err in a kidnapping prosecution by denying defendant's objection to cross-examination questions the prosecutor asked defendant's father regarding the circumstances surrounding the incarceration

of defendant's friend. The testimony did not go outside the scope of the direct examination and formed a proper line of inquiry to explain the testimony given during direct examination.

APPEAL by defendant from *Sitton, Judge.* Judgment entered 9 June 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 18 November 1985.

In 81CRS54177 defendant was tried upon indictment charging him with common law robbery, G.S. 14-3(b); in 81CRS054181 defendant was charged with kidnapping, G.S. 14-39.

The State's evidence tended to show the following: On 14 August 1981 at approximately 12:30 a.m., Daniel Lawrence McCall (McCall) was approached by defendant and another man as McCall exited the Jay Adult Book Store in Charlotte, North Carolina. McCall did not know either defendant or the person with defendant. Defendant asked McCall if he was going down Independence Boulevard and if so would he give them a ride. McCall agreed to give them a ride. McCall was operating a 1964 two-door Riviera automobile. Defendant occupied the front passenger seat and defendant's companion occupied the rear seat of McCall's automobile. McCall drove his automobile down Independence Boulevard heading away from the city until defendant said, "This is where we get off; turn in here so we won't back up traffic." McCall pulled to the side of the road, which was deserted, and left his motor running. McCall exited from his automobile to allow the rear occupant out of the automobile. Defendant exited from the automobile and came around to the driver's side of the automobile. As McCall turned to let his front bucket seat up so that the passenger could exit from the rear seat of his automobile, defendant struck McCall near the back of his neck, knocking him to the ground. McCall lost consciousness. When McCall regained consciousness he was on the rear floorboard of his automobile. Someone was on McCall's back and was pulling his hair. McCall asked where they were going and defendant replied, "I'll tell you when we get there."

The automobile was driven to a wooded area and parked, whereupon defendant ordered McCall out of the car. McCall was beaten and shoved to the ground. Defendant then pulled McCall up, forced him into the woods where defendant shoved him to the ground and kicked him. Defendant started pulling off McCall's

watch and said, "Give me that watch." After removing McCall's watch defendant kicked McCall in the face rendering him unconscious. When McCall regained consciousness he discovered that he was still in the custody of defendant and defendant's companion. All of McCall's clothing with the exception of his undershorts were missing. Defendant and his companion forced McCall onto the rear floorboard and stated to him, "You've got to have some more money somewhere." McCall told defendant that he had an uncle who would give him some more money if he would take McCall to his home. After some discussion between defendant and his companion, defendant told McCall that he was lying and the automobile was then driven until it ran out of gas. Defendant took a knife and poked it in McCall's back and said, "You better stay put or I'll run this knife clean through you." Defendant gagged McCall and tied him up with a "jumper cable." Sometime later McCall was discovered and taken to the hospital where he received treatment for his injuries.

On 30 November 1981, defendant was indicted for common law robbery (84CRS54177) and kidnapping (84CRS54181). Defendant was tried before a jury which returned guilty verdicts against defendant for common law robbery, G.S. 14-3(b), and first-degree kidnapping, G.S. 14-39. From the imposition of a three (3) year prison sentence for common law robbery and a twelve (12) year prison sentence for first-degree kidnapping defendant appeals.

*Attorney General Lacy H. Thornburg, by J. Allen Jernigan, Assistant Attorney General, for the State.*

*Public Defender Isabel Scott Day, by Marc D. Towler, Assistant Public Defender, for defendant appellant.*

JOHNSON, Judge.

[1] The first issue we are called upon to decide by way of defendant's appeal is whether there was sufficient evidence of a taking of the victim's property to withstand defendant's motion to dismiss the charge of common law robbery. We conclude that there was sufficient evidence of defendant's taking McCall's property, to wit: McCall's watch.

It is well settled that when a trial court rules on a defendant's motion to dismiss for insufficiency of the evidence the

trial court must view all the evidence in the light most favorable to the State, making all reasonable inferences in the State's favor. *State v. Cox*, 303 N.C. 75, 277 S.E. 2d 376 (1981). All evidence admitted which is favorable to the State may be properly considered and any discrepancies are to be resolved in the State's favor. *State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114 (1980). The question of law for the court posed by a motion to dismiss is whether there is substantial evidence of defendant's guilt on every essential element of the offense a defendant is charged with. *Id.* Substantial evidence is that amount of evidence which a reasonable mind might accept as adequate to support a conclusion. *Id.* However, if the evidence is only sufficient to raise a suspicion or mere conjecture a defendant's motion to dismiss should be granted.

Common law robbery is not defined by statute in the State of North Carolina. It is an aggravated form of larceny. *State v. Smith*, 268 N.C. 167, 150 S.E. 2d 194 (1966). Common law robbery is the taking and carrying away personal property of another from his person or presence without his consent by violence or by putting him in fear and with the intent to deprive him of its use permanently, the taker knowing that he was not entitled to take it. *Id.* The essential elements of the offense of common law robbery, which defendant argues were not established by the State was a taking with the felonious intent of defendant to permanently deprive the owner of his property and to convert the owner's property to his own use. *State v. Norris*, 264 N.C. 470, 141 S.E. 2d 869 (1965).

The evidence before the court in the case *sub judice* when considered in the light most favorable to the State tended to show that defendant and his companion took McCall's watch and clothing with the intent to permanently deprive McCall of his property for the purpose of converting it to their own use. McCall, dressed in only his undershorts, was left bound and gagged. The fact that McCall was not conscious when defendant took his pair of brown shoes does not negate the State's evidence against defendant. *See State v. Mathews*, 20 N.C. App. 297, 201 S.E. 2d 359 (1973), *cert. denied*, 284 N.C. 620, 202 S.E. 2d 276 (1974). During direct examination McCall testified that defendant pulled on his watch and elaborated on cross-examination that defendant took his watch.

[2] Defendant argues that McCall's testimony under cross-examination should not have been considered by the court when ruling on his motion to dismiss at the close of all the evidence. Although we find that there was sufficient evidence without the challenged testimony, we also conclude that the court could properly consider McCall's testimony elicited by defendant during his cross-examination of McCall. The testimony by McCall explaining his testimony during direct examination could be considered by the court when reviewing defendant's motion to dismiss. *See State v. Bruton*, 264 N.C. 488, 142 S.E. 2d 169 (1965). Direct evidence and circumstantial evidence are properly considered when ruling on defendant's motion to dismiss for insufficiency of the evidence. *State v. Jones*, 303 N.C. 500, 279 S.E. 2d 835 (1981). Defendant's first Assignment of Error is overruled.

[3] Defendant's second Assignment of Error is that the indictment returned against him was insufficient to sustain a first-degree kidnapping conviction wherein the indictment did not allege that the victim was not released in a safe place, seriously injured or sexually assaulted. We agree.

G.S. 14-39 proscribes the offenses of first-degree and second-degree kidnapping as follows:

(a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any person 16 years of age or over without the consent of such person, or any person under the age of 16 years without the consent of a parent or legal custodian of such person, shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:

    (1) Holding such other person for ransom or as a hostage or using such other person as a shield; or

    (2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or

    (3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person.

(b) There shall be two degrees of kidnapping as defined by subsection (a). *If the person kidnapped either was not re-*

*leased by the defendant in a safe place or had been seriously injured or sexually assaulted, the offense is kidnapping in the first degree* and is punishable as a Class D felony. *If the person kidnapped was released in a safe place by the defendant and had not been seriously injured or sexually assaulted, the offense is kidnapping in the second degree* and is punishable as a Class E felony.

(Emphasis ours.) Defendant did not challenge the sufficiency of the kidnapping indictment by moving the court to quash the indictment or arrest the judgment. However, on appeal defendant has properly raised in his brief the question of whether the criminal charge against him was sufficient in law. Rule 10(a), N.C. Rules App. P. Therefore, pursuant to Rule 10(a), N.C. Rules App. P., we now address ourselves to defendant's second Assignment of Error.

The kidnapping indictment, upon which defendant was convicted for first-degree kidnapping, is as follows:

### INDICTMENT — No. 81CRS54181

STATE OF NORTH CAROLINA                IN THE GENERAL
COUNTY OF MECKLENBURG                  COURT OF JUSTICE
                                       Superior Court Division
                                       November 30, 1981

THE STATE OF NORTH CAROLINA

vs.

Robert Dean McCullough
Defendant

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 14th day of August, 1981, in Mecklenburg County, Robert Dean McCullough, did unlawfully, wilfully and feloniously kidnap Daniel Lawrence McCall, a person who had attained the age of 16 years, by unlawfully restraining, confining and removing him from one place to another, without his consent, and for the purpose of facilitating the commission of a felony, robbery.

Prior to the 1979 amendment to G.S. 14-39(b) which was effective 1 July 1980, the indictment of defendant would have been sufficient to sustain defendant's conviction of first-degree kidnapping.

*See State v. Williams,* 295 N.C. 655, 249 S.E. 2d 709 (1978). However, the date of defendant's kidnapping of McCall was 14 August 1981, and G.S. 14-39(b), as amended, was in effect. In *State v. Jerrett,* 309 N.C. 239, 307 S.E. 2d 339 (1983), the Court held that G.S. 14-39, as amended, expressed the General Assembly's intent for an indictment for first-degree kidnapping to allege the applicable elements of both subsections (a) and (b) of G.S. 14-39. *Jerrett,* at 261, 307 S.E. 2d at 351.

The language of G.S. 14-39(a) merely creates and defines the offense of kidnapping. It is uncontested that the indictment in the case *sub judice* is sufficient when evaluated according to subsection (a). Conversely, defendant strongly argues that the indictment does not allege the elements necessary for a conviction of first-degree kidnapping as set forth in subsection (b). We agree. Pursuant to *Jerrett, supra,* we hold that the indictment returned against defendant is insufficient to support defendant's conviction for first-degree kidnapping. We agree with the State and appreciate the State's candor with respect to the fact that *Jerrett, supra,* is indistinguishable from the case *sub judice.*

As discussed hereinabove the indictment sufficiently alleges the elements set forth in G.S. 14-39(a), which are necessary to sustain a conviction for second-degree kidnapping. In the case *sub judice* the evidence was not only sufficient to convict for the lesser included offense, but the higher offense as well. We therefore vacate the conviction for first-degree kidnapping and remand for an entry of a verdict for second-degree kidnapping upon which defendant is to be resentenced. This Court has previously taken such a course. *See State v. Jackson,* 77 N.C. App. 492, 335 S.E. 2d 903 (1985); *State v. Baldwin,* 61 N.C. App. 688, 301 S.E. 2d 725 (1983).

[4] In a related Assignment of Error defendant argues that the trial court committed plain error by instructing the jurors that a guilty verdict should be returned on the kidnapping charge if the jury found that defendant restrained or removed the victim "for the purpose of facilitating the commission of common law robbery; *doing serious bodily injury to McCall.* . . ." (Emphasis ours.) Defendant failed to object to the jury instructions so that he may assign error to the jury charge. *See* Rule 10(b)(2), N.C. Rules App. P. We are urged by defendant to review his Assignment of Error

pursuant to the plain error rule. *See generally State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983).

The thrust of defendant's argument is that it was prejudicial error for the court to instruct the jury on a theory not alleged in the indictment (or doing serious bodily injury to McCall) and therefore is entitled to a new trial. *See State v. Brown*, 312 N.C. 237, 321 S.E. 2d 856 (1984). In the case *sub judice* we are vacating the first-degree kidnapping conviction and remanding for entry of judgment on second-degree kidnapping whereby defendant will be resentenced consistent with our ruling. Defendant's guilt will not be predicated on theories of a crime not charged in the indictment. We conclude that the trial court's jury instructions had no prejudicial impact on a conviction of defendant for second-degree kidnapping. The evidence admitted at trial supports the jury instructions and the indictment supports those portions of the jury instruction which support a conviction of defendant for second-degree kidnapping. The evidence showed that defendant removed and confined McCall for the facilitation of a felony, to wit: common law robbery. *See* G.S. 14-3.

Defendant heavily relies on *State v. Brown*, 312 N.C. 237, 321 S.E. 2d 856 (1984), for support of his argument that he is entitled to a new trial. In *Brown*, the trial court's instructions to the jury were not based on the theory alleged in the indictment. In the case *sub judice*, the court's instruction on first-degree kidnapping to the jury that they must find "that defendant restrained or removed McCall for the purpose of facilitating the commission of common law robbery . . ." has a basis in the kidnapping indictment. Moreover, the court's charge to the jury with respect to second-degree kidnapping was as follows:

If you do not find the defendant 'Guilty of first degree kidnapping,' you must determine whether the defendant is guilty of second degree kidnapping.

Second degree kidnapping differs from first degree kidnapping only in that it was not necessary for the State to prove that McCall was not released by the defendant in a safe place; or had been seriously injured.

So, I charge that if you find from the evidence, beyond a reasonable doubt; that on or about August 14, 1981, Robert

Dean McCullough, unlawfully held, struck, tied up McCall; or, removed McCall from an area on near East Independence Boulevard to Linda Lake Road; and, that McCall did not consent to this restraint or removal; and that this was done for the purpose of facilitating the commission of common law robbery or doing serious bodily injury to McCall; and that these acts of striking, holding and tying up McCall were a complete act independent and apart of common law robbery, it would be your duty to return a verdict of 'Guilty of second degree kidnapping.'

The court's instruction requires the additional element of serious bodily injury, but does not require less than was alleged in the indictment or required by G.S. 14-39, for a conviction of second-degree kidnapping. The holding of *Brown, supra,* was expressly based on the "factual circumstances" of that case in which there was no evidence directed toward proof of a "terrorism" theory. *Brown,* at 249, 321 S.E. 2d at 863. Defendant's Assignment of Error is overruled.

[5] Defendant's final Assignment of Error forwarded on appeal is that the trial court erred in denying his objection to questions posed by the prosecutor during cross-examination. It is argued by defendant that questions asked of defendant's father regarding the circumstances surrounding the incarceration of defendant's friend was an improper impeachment of defendant's credibility. We disagree.

The rule of law dispositive of defendant's final Assignment of Error is that once the "door is opened" on a particular subject matter during direct examination of a witness, that witness may be cross-examined on the same matter. *State v. Taylor,* 304 N.C. 249, 283 S.E. 2d 761 (1981), *cert. denied,* 463 U.S. 1213, 77 L.Ed. 2d 1398, 103 S.Ct. 3552, *reh. denied,* 463 U.S. 1249, 77 L.Ed. 2d 1456, 104 S.Ct. 37 (1983). The line of questioning during defendant's direct examination of the witness was as follows:

Q. Do you know this person named Sidney Morrow?

A. Yes; I do.

Q. Do you know where he is right now?

A. Yes; I do; supposed to be.

Q. Where is that?

A. He's in jail.

Q. Here?

A. Yes; over here in jail.

The prosecutor cross-examined the witness as follows:

Q. Mr. McCullough, you know Sidney Morrow is in jail because he got in trouble with your boy. Is that right?

A. That's right.

MR. CLARKSON: OBJECTION.

THE COURT: OBJECTION OVERRULED.

Q. Now, that was after the 14th of August, 1981; wasn't it?

A. Yes; it was.

The testimony elicited by the prosecutor did not go into matters outside the scope of the direct examination of the witness. The question formed a proper line of inquiry to explain the testimony given during direct examination. Defendant's final Assignment of Error is overruled.

Case No. 81CRS54181 conviction for first-degree kidnapping vacated and case remanded for entry of judgment and sentencing for second-degree kidnapping.

Case No. 81CRS54177 no error.

Chief Judge HEDRICK and Judge WHICHARD concur.