STATE OF NORTH CAROLINA v. RONNIE SMALL

No. COA97-1607

(Filed 1 December 1998)

### 1. Criminal Law— prosecutorial misconduct—exculpatory statement—known to defendant

The trial court did not err in a robbery and murder prosecution by denying defendant's motion to dismiss for prosecutorial misconduct based on the State's untimely disclosure of exculpatory material where defendant had knowledge of the statement in question before the district attorney, was provided with the written statement many months prior to trial, and was able to fully use the statement and the defense theory it presented during trial.

### 2. Evidence— identification testimony—inaccurate as to facts—admissible

The trial court did not err in a prosecution for robbery and murder by allowing testimony identifying defendant as the perpetrator where the testimony was inaccurate as to the facts. Any uncertainties in the identification go to the weight and not admissibility.

### 3. Evidence— impeachment of hearsay declarant—inconsistent hearsay statements—admissible

The trial court did not err in a prosecution for robbery and murder by allowing the State to introduce hearsay testimony implicating defendant in rebuttal of defendant's introduction of exculpatory hearsay testimony from the same declarant. N.C.G.S. § 8C-1, Rule 806 provides that inconsistent statements of a hearsay declarant are admissible, in effect treating the out-of-court declarant the same as a live witness for purposes of impeachment.

### 4. Criminal Law— motion to dismiss—circumstantial evidence

The trial court did not err in a robbery and murder prosecution by denying defendant's motions to dismiss for insufficient evidence and for appropriate relief. If the evidence presented is purely circumstantial, the question is whether a reasonable inference of defendant's guilt may be drawn from the circumstances.

Appeal by defendant from judgment entered 23 January 1997 by Judge Wiley F. Bowen in Harnett County Superior Court. Heard in the Court of Appeals 20 October 1998.

*Michael F. Easley, Attorney General, by H. Alan Pell, Special Deputy Attorney General, for the State.*

*Michael L. Yopp for defendant.*

SMITH, Judge.

Defendant was charged with the 12 May 1994 robbery of William Wright, d/b/a Texaco Food Mart in Dunn, North Carolina, and the murder of Wayne Joseph Newbold, the clerk on duty. A duly empaneled jury found defendant guilty on all counts. Defendant appeals.

I.

[1] Defendant first contends the trial court erred in denying defendant's motion to dismiss for prosecutorial misconduct. Defendant argues that the State was in possession of exculpatory evidence that was not disclosed to defendant in a timely manner. After a hearing on the motion, the trial court denied the motion to dismiss, finding no prejudice to defendant.

*Brady v. Maryland*, 373 U.S. 83, 10 L. Ed. 2d 215 (1963), is the law of the land on the issue of suppression of evidence. In *Brady*, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87, 10 L. Ed. 2d at 218. Evidence is "material" only when "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682, 87 L. Ed. 2d 481, 494 (1985). Defendant bears the burden of showing that evidence not disclosed was material and affected the outcome of the trial. *See State v. Smith*, 337 N.C. 658, 664, 447 S.E.2d 376, 379 (1994); *State v. Alston*, 307 N.C. 321, 337, 298 S.E.2d 631, 642 (1983).

In this case, the record reveals that the statement in question was not actually given to the district attorney until January 1996, at which time a copy was provided to defendant. Although the State was aware

of the *substance* of the statement as early as July 1994 and did not relay its knowledge of the information to defendant until May 1995, defendant knew of the statement *prior to* the district attorney obtaining the same. Because of this, the trial court found "[t]he failure to provide the information to the defendant[] is not prejudicial to the defendant[] since the [defendant's] attorney[] [was] aware of the information . . . prior to Assistant District Attorney Caron Stewart discovering the information."

Our Supreme Court has held "that due process and *Brady* are satisfied by the disclosure of the evidence at trial, so long as disclosure is made in time for the defendants to make effective use of the evidence." *State v. Taylor,* 344 N.C. 31, 50, 473 S.E.2d 596, 607 (1996) (citing *State v. Jackson,* 309 N.C. 26, 33, 305 S.E.2d 703, 710 (1983)). In this case, defendant had knowledge of the statement before the district attorney became aware of it, was provided with the written statement many months prior to trial, and was able to fully use the statement and the defense theory it presented during trial. Still, defendant argues that because of the State's delay in providing the information, defendant was unable to investigate the statement, thus leaving possible exculpatory evidence undiscovered. This argument is unpersuasive as it is based on nothing more than mere speculation. Furthermore, defendant was aware of the information prior to the district attorney obtaining the evidence and could have followed up on the statement at that point. The trial court did not err in denying defendant's motion to dismiss. Defendant was not prejudiced by the State's failure to disclose the evidence.

## II.

[2] Defendant next argues that the trial court erred in allowing the out-of-court identification by Hector McNeill of defendant as the perpetrator of the crimes in question. Defendant asserts the testimony of McNeill "is so grossly incorrect regarding these facts that it draws into question whether he was actually in a position to observe anything at all."

In this case, McNeill testified that he saw defendant in the Texaco store at approximately 10:30 pm, defendant was carrying a "chrome plated semi-automatic handgun," and as McNeill left the store, he heard three gunshots. The undisputed facts are contrary to McNeill's testimony. The murder occurred sometime after 2:00 am according to register tapes; the murder weapon was a black steel, snub-nose .38 revolver with a brown handle; and only one shot was fired. Because

of the inconsistency between McNeill's statement and the undisputed facts surrounding the murder, defendant argues that "McNeill's . . . testimony at trial [was] so unreliable so as to have no probative weight and therefore inadmissible." We disagree. Any uncertainties in the identification goes to the weight and not the admissibility of the evidence. Thus, the trial court committed no error in allowing the testimony.

## III.

[3] In his next assignment of error, defendant argues the trial court erred in overruling defendant's objection to the State's introduction of hearsay evidence during rebuttal. He argues that, by allowing the evidence to come in, defendant's confrontation clause rights were violated as he was unable to cross-examine the declarant.

During trial, defendant filed a Notice of Intent to Offer Statements of Anthony Devon Coxum. In support, defendant showed that Coxum made inculpatory statements regarding his own involvement in the crimes and exculpating defendant of the crimes. The trial court allowed defendant's motion, making the following findings of fact:

1. Proper notice had been given of the intent to offer hearsay evidence under G.S. 8C-1, Rules 803(24) and (804)(5) [sic];

2. The statements of Anthony Devon Coxum were not specifically covered by any of the other hearsay exceptions;

3. The hearsay statements of Anthony Devon Coxum possessed certain circumstantial guarantees of trustworthiness;

4. The evidence is material to the case at bar;

5. The evidence is more probative on an issue than any other evidence procurable through reasonable efforts;

. . .

During the hearings and arguments by the parties on the defendant's motion the State notified the defendant of the State's intention pursuant to G.S. 8C-1, Rule 806, during rebuttal to introduce a contradictory hearsay statement made by Anthony Devon Coxum to a law enforcement officer.

Based on the aforementioned findings, the court concluded "[w]hen a hearsay statement has been admitted into evidence the credibility of

the declarant may be attacked." Accordingly, during trial defendant offered Coxum's hearsay statement through the testimony of Antoine Myles. The State cross-examined Myles regarding Coxum's statements and then called Detective Ronnie Radcliff in rebuttal, who testified that Coxum had made an inconsistent statement to him in which he implicated defendant in the crimes. It is this rebuttal testimony that defendant contends violated his confrontation clause rights. Defendant argues that because the two hearsay statements occurred at different times and to different people, the court should have made new findings regarding the trustworthiness of the State's rebuttal evidence. This argument is unpersuasive.

In *State v. Stalnaker*, 1 N.C. App. 524, 162 S.E.2d 76 (1968) this Court responded to a similar argument. In that case, defendant argued that the state's rebuttal evidence failed to qualify as a dying declaration, and thus should not have been admitted into evidence. This Court stated, "whether the State's evidence of a declaration qualified as a dying declaration is immaterial, because in either event it was admissible to impeach or contradict defendant's evidence of a declaration." *Id.* at 527, 162 S.E.2d at 78. Thereafter, in 1983, the North Carolina legislature enacted Chapter 8C, North Carolina General Statutes, which set forth the North Carolina Rules of Evidence. Rule 806 codified what the courts, such as the *Stalnaker* court, had consistently held—that an out-of-court declarant is subject to impeachment just like any other declarant.

North Carolina Rule of Evidence 806 is unambiguous.

When a hearsay statement has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, *by any evidence which would be admissible for those purposes if declarant had testified as a witness. Evidence of a statement or conduct by the declarant at any time, inconsistent with his hearsay statement, is not subject to any requirement that he may have been afforded an opportunity to deny or explain.* If the party against whom a hearsay statement has been admitted calls the declarant as a witness, the party is entitled to examine him on the statement as if under cross-examination.

N.C. Gen. Stat. § 8C-1, Rule 806 (1992) (emphasis added). Rule 806 provides that inconsistent statements of a hearsay declarant are admissible. In effect, this rule treats the out-of-court declarant the same as a live witness for purposes of impeachment. There is no

question that if Coxum had testified as a witness, any inconsistent statements he made would be admissible to attack his credibility. Because the testimony could have come in had Coxum been on the stand, Rule 806 allows its admission to impeach his credibility even in his absence. Thus, regardless of whether the State's evidence was admissible hearsay or not, the evidence was still admissible to impeach or contradict defendant's hearsay evidence. *See* N.C. Gen. Stat. § 8C-1, Rule 806 (1992); *Stalnaker*, 1 N.C. App. 524, 162 S.E.2d 76. Accordingly, defendant's third assignment of error is overruled.

## IV.

**[4]** As defendant's last assignments of error, he argues that the trial court erred in denying defendant's motion to dismiss for insufficiency of the evidence and defendant's motion to set aside the verdict. Defendant states in his brief, "there was insufficient evidence at the close of not only the State's case in chief, but at the close of all the evidence to warrant a dismissal."

With regard to defendant's motion to dismiss for insufficiency of the evidence, the rule has been stated by our Supreme Court.

[T]here must be substantial evidence of all material elements of the offense to withstand the motion to dismiss. It is immaterial whether the substantial evidence is circumstantial or direct, or both. . . . Substantial evidence of guilt is required before the court can send the case to the jury.

*State v. Stephens*, 244 N.C. 380, 383-84, 93 S.E.2d 431, 433 (1956). When considering such motions, the trial court should concern itself only with the sufficiency of the evidence and not with its weight. *See State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980). If the evidence presented is purely circumstantial, "the question for the court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances. If so, it is for the jury to decide whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that the defendant is actually guilty." *State v. Rowland*, 263 N.C. 353, 358, 139 S.E.2d 661, 665 (1965). Thus, the trial court must submit the case to the jury if there is substantial evidence of all material elements of the offense charged and that defendant perpetrated the crime. *See State v. Cotten*, 2 N.C. App. 305, 309, 163 S.E.2d 100, 103 (1968). "Substantial evidence is that amount of evidence which a reasonable mind might accept as adequate to support a conclusion." *State v. McCullough*, 79 N.C. App. 541, 544, 340 S.E.2d 132,

135 (citing *Powell,* 299 N.C. 95, 261 S.E.2d 114), *cert. denied,* 316 N.C. 556, 344 S.E.2d 13 (1986).

When measuring the sufficiency of evidence, it is well settled that the trial court "must view all the evidence in the light most favorable to the State, making all reasonable inferences in the State's favor." *McCullough,* 79 N.C. App. at 543-44, 340 S.E.2d at 134. The trial court must consider all evidence admitted by the court, whether competent or incompetent, which is favorable to the state. *See State v. Sumpter,* 318 N.C. 102, 107, 347 S.E.2d 396, 399 (1986). "This is especially necessary in a case . . . when the proof offered is circumstantial, for rarely will one bit of such evidence be sufficient, in itself, to point to a defendant's guilt. If a reasonable inference of defendant's guilt can be drawn from a combination of the circumstances, defendant's motion is properly denied." *State v. Thomas,* 296 N.C. 236, 245, 250 S.E.2d 204, 209 (1978).

When a case comes to this Court for review of denial of a motion to dismiss, we apply the same rule as that used in the trial court. That is, "[t]aking the evidence in the light most favorable to the State, if the record here discloses substantial evidence of all material elements constituting the offense for which the accused was tried, then this court must affirm the trial court's ruling on the motion." *Stephens,* 244 N.C. at 383, 93 S.E.2d at 433. Thus, considering the evidence presented to us in the record, and viewing it in the light most favorable to the State, we hold that the circumstantial evidence, taken as a whole, was sufficient to submit the case to the jury.

Likewise, defendant filed a motion to set aside the verdict (motion for appropriate relief) pursuant to N.C. Gen. Stat. § 15A-1411 (1997). "A motion for appropriate relief is a *post-verdict* motion (or a post-sentencing motion where there is no verdict) made to correct errors occurring prior to, during, and after a criminal trial." *State v. Handy,* 326 N.C. 532, 535, 391 S.E.2d 159, 160-61 (1990). Such motion is addressed to the trial court's discretion and "its ruling will not be disturbed absent a showing of abuse of discretion." *State v. Gilley,* 306 N.C. 125, 131, 291 S.E.2d 645, 648 (1982), *overruled on other grounds, State v. Barnes,* 324 N.C. 539, 380 S.E.2d 118 (1989). Defendant has made no showing that the trial court abused its discretion in denying defendant's motion. Therefore, we find defendant's assignment of error to be without merit.

After addressing each of defendant's assignments of error, we conclude

No Error.

Judges GREENE and WALKER concur.